205 N.J. Super. 268 (1985)
500 A.2d 755
NORBERTA CABRERA AND MARIO CABRERA, PLAINTIFFS-RESPONDENTS,
v.
ANTHONY TRONOLONE AND MARIO SCHETTINO, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 4, 1985.
Decided November 15, 1985.
*269 Before Judges MORTON I. GREENBERG, J.H. COLEMAN and LONG.
Avrom J. Gold argued the cause for appellants (Mandelbaum, Salsburg, Gold & Lazris, attorneys).
Louis J. Santore argued the cause for respondents.
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
This matter comes on before this court on appeal from judgments entered on jury verdicts on liability and damages in this bifurcated tort action (see R. 4:38-2(b)) and from an order denying defendants' motion for a new trial following the damage verdict. Inasmuch as we are constrained to resolve the matter on procedural bases the underlying facts need be summarized only briefly.
The action involves a claim that plaintiffs, residents in an apartment building in Jersey City owned by defendants, were injured as a result of a fire in the building on March 20, 1982 when, in order to avoid injury in the fire, they were compelled to jump from a fire escape. Plaintiffs predicated defendants' liability on a theory that a ladder extending from the second floor of the fire escape would not drop to the street to allow them to climb down safely. Plaintiffs alleged defendants were negligent in the maintenance of the fire escape.
*270 Defendants answered denying liability. At a liability trial plaintiffs obtained a verdict in their favor on June 13, 1984 finding defendants were negligent and the negligence was a proximate cause of their injuries. At a damage trial on July 31, 1984 plaintiffs Norberta Cabrera and Mario Cabrera, respectively, obtained verdicts for $250,000 and $30,000. On August 10, 1984 defendants filed a motion for a new trial or for a remittitur with the Hudson County Clerk. However, service of the motion papers was not made on plaintiffs' attorney until August 14, 1984 when a delivery service which had picked up the papers at defendants' attorney's office on August 13, 1984 delivered them to plaintiffs' attorney's office.
Defendants' motion came on before the court on September 21, 1984. The judge, though troubled by the result, felt constrained by Baumann v. Marinaro, 95 N.J. 380 (1984) to deny the motion as untimely. On September 21, 1984 the judge signed an order denying the motion for a new trial and on October 29, 1984 defendants appealed.
While we cannot help being disturbed by the application of the strict rule with respect to the time for filing a motion for a new trial as we would prefer to consider the appeal on the merits, we are required to affirm the judge's order denying the motion. Under R. 4:49-1(b) a motion for a new trial must be served not later than ten days after the return of the verdict. Service may be made by mail and is complete upon mailing. R. 1:5-2; R. 1:5-4(b). Thus if defendants had mailed the papers to plaintiffs' attorney on August 10, 1984 service would have been timely. Instead they chose to have the papers hand-delivered. Under R. 1:5-2 service in this manner required actual delivery to plaintiffs' attorney, an event not achieved until August 14, 1984, four days too late.
R. 1:3-4(c) prohibits enlargement of the time for certain motions including motions for a new trial. In Baumann v. Marinaro, supra, 95 N.J. at 389, the Supreme Court held this prohibition cannot be relaxed regardless of extenuating circumstances. *271 See also Moich v. Passaic Terminal & Transportation Co., Inc., 82 N.J. Super. 353 (App.Div. 1964). We recognize, of course, that Baumann speaks of the time to "file" rather than "serve" the motion but obviously it deals with service rather than filing for it cites R. 4:49-1(b), a rule specifying the time for service of the motion but never mentioning filing. In fact if service is made within the ten days allowed by R. 4:49-1(b) the motion may be filed "promptly thereafter." R. 1:5-6(a). Further we point out that defendants do not claim to have been misled by the language in Baumann as they have never suggested they read that case and relied on it as justification to file the motion within ten days of the verdict but serve it later. Thus the trial judge correctly held she was required to deny the motion for the new trial as untimely.
It follows from the fact that the motion for a new trial was untimely that the appeal from the judgments entered on the verdicts was also untimely and must be dismissed. Appeals from final judgments must be taken within 45 days of their entry (R. 2:4-1(a)) but the time may be extended for 30 days upon a showing of good cause and an absence of prejudice if the appeal is served and filed within the time as extended. R. 2:4-4(a). Here the damage trial was concluded on July 31, 1984. Thus the time to appeal would have ordinarily expired on September 14, 1984, subject to a possible 30-day extension to October 14, 1984. As noted defendants appealed October 29, 1984. We are aware that filing and service of a motion for a new trial tolls the time for appeal but only if the motion is timely. R. 2:4-3(e). Here, inasmuch as we have determined the motion was untimely, there was no tolling.
At oral argument defendants' attorney correctly noted that plaintiffs had moved for an order of summary disposition dismissing the appeal as untimely but we denied the motion on February 25, 1985. Clearly that ruling is of no aid to defendants *272 for at that time we had not as yet ruled the motion for the new trial was untimely and thus we could not then say the appeal from the judgments of liability and damages could not be considered on the merits. This is so for, as we have indicated, the motion for the new trial was served on August 14, 1984 and denied September 21, 1984. If the time to appeal had been tolled for the 38 days between those dates the appeal from the judgments on liability and damages could have been treated as timely under the 30-day extension period allowable by R. 2:4-4(a) as the time for appeal would have run for only 52 days from the date of the damage judgment to the date the appeal was filed. Of course the date of the verdict and judgment on the liability verdict is not germane as to the time of appeal as that judgment was interlocutory and thus not appealable without leave granted. See Nicholas v. Sugar Lo Co., 192 N.J. Super. 444, 450 (App.Div. 1983), certif. den. 96 N.J. 284 (1984). In any event the appeal from the denial of the motion for the new trial was taken within 45 days from the denial of the motion and was thus timely. Accordingly we were required to consider that aspect of the appeal on the merits and we have done so.
Finally we point out that we can see no justification at all for defendants' delay in allowing the time to appeal to expire. Certainly by September 21, 1984 they should have realized their problem. Regardless of whether they agreed with the trial judge's ruling on their motion for a new trial they should have respected it. If they had then followed the extension procedures of R. 2:4-4(a) it is extremely likely that the appeal from the judgments would have been entertained on the merits. Instead they obviously ignored R. 2:4-3(e) which provides that a motion for a new trial will toll the time for appeal only if "timely."
The order of September 21, 1984 is affirmed and insofar as defendants appeal from the judgments the appeal is dismissed.