215 N.J. Super. 116 (1987)
521 A.2d 373
RUTGERS CASUALTY INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
CLARA DICKERSON, DEFENDANT, AND OHIO CASUALTY INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 28, 1987.
Decided February 13, 1987.
*117 Before Judges MORTON I. GREENBERG, J.H. COLEMAN and GRUCCIO.
Samuel N. Faivus argued the cause for appellant (Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone, attorneys; Samuel N. Faivus, on the brief).
*118 Susan L. Moreinis argued the cause for respondent (Bruce M. Resnick, on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
This matter comes on before this court pursuant to our order of October 22, 1986 granting defendant Ohio Casualty Insurance Company leave to appeal from an order of September 12, 1986 denying Ohio's motion to dismiss the complaint as a matter of law. Inasmuch as the parties have made reference to essentially undisputed facts outside of the complaint, we refer to them in this opinion and thus treat the motion as being for summary judgment. See R. 4:6-2.
The case arises from an automobile accident on January 14, 1984 in which Clara Dickerson, a passenger in an automobile owned and operated by her daughter, Gail Dickerson, was injured when the Dickerson vehicle was struck by an automobile operated by Barry Mandell. Mandell asserted that an operator of an unknown vehicle caused him to lose control of his car and strike the Dickerson vehicle. Gail Dickerson had a liability insurance policy from plaintiff Rutgers Casualty Insurance Company including provisions for uninsured motorist coverage under N.J.S.A. 17:28-1.1. Clara Dickerson had similar coverage from Ohio.
As a result of the accident, Clara Dickerson filed a complaint against Mandell for her injuries which she settled with Mandell's insurance carrier for $14,000. On November 7, 1984 Clara Dickerson advised Rutgers that she was seeking uninsured motorist benefits. Consequently, on December 10, 1984 Rutgers sent its file to a law firm[1] representing it and in the covering letter stated that:

*119 Plaintiff's counsel, a Pennsylvania attorney, has demanded a[n] Uninsured Motorist arbitration. Please nominate an arbitrator and defend the action. The arbitration must be held in the county in which the insured resides.
Additionally, the plaintiff's carrier [Ohio] should be put on notice as they are responsible for pro rata share of the verdict under the changes in the Uninsured Motorist Statute.
Notwithstanding the clear directions from Rutgers, its law firm did not put Ohio on notice of Clara Dickerson's claim and thus Ohio did not participate in the arbitration hearing. At that proceeding, the arbitrators concluded:
We have assessed liability in the amount of 70% on the unidentified vehicle that pulled out of Vine Street onto Brunswick Avenue. We assessed 30% responsibility on Mandel [sic]. We awarded damages in favor of the plaintiff of $27,500.00.
Thereafter, Rutgers filed this action against Clara Dickerson and Ohio seeking contribution for the uninsured motorist claim from Ohio pursuant to N.J.S.A. 17:28-1.1(c) and Rutgers' policy which had a provision for sharing losses with other carriers if other insurance was available. After filing an answer, Ohio moved for dismissal of Rutgers' complaint because it was never notified of the uninsured motorist claim and never participated in the arbitration hearing. Rutgers filed no answering papers on the motion which was, nevertheless, denied without opinion by the motion judge by the order of September 12, 1986.[2] We granted leave to appeal from that order.[3]
Preliminarily, we note that notwithstanding Rutgers' contention in its brief that Ohio "had sufficient notice of the arbitration," Rutgers conceded at oral argument before us that Ohio did not have actual notice. Rather, Rutgers explained that in view of the police report which mentioned the existence of the phantom car and in light of the extent of Clara Dickerson's *120 injuries, Ohio should have recognized there would be an uninsured motorist claim. We are satisfied that in these circumstances, Ohio can be said at most to have had notice that the case was one that potentially could generate an uninsured motorist claim. Inasmuch as many possible claims for injuries are never brought, however, we cannot permit this alleged "notice" to be equated to knowledge that there has been, or will be, a claim for uninsured motorist coverage.
We are satisfied that Rutgers' failure to give Ohio notice is fatal to its claim against Ohio in these proceedings. An analogous situation arose in Parks v. Colonial Penn. Ins. Co., 98 N.J. 42 (1984). There, plaintiff Parks was a passenger in an automobile operated by Ajamian and owned by Skelton. Parks had his own automobile insurance with Colonial Penn Insurance Company, Skelton was insured by Insurance Company of North America and Ajamian was uninsured. Parks brought suit against Skelton and Ajamian, alleging the latter was Skelton's agent, servant or employee, a status denied by Skelton. INA refused to defend Ajamian as it contended he did not have permission to use the vehicle. Ajamian was independently represented and he and Skelton filed cross-claims against each other which included the issue of whether Ajamian was a permissive user of Skelton's automobile and was thus entitled to a defense and coverage from INA. At the trial, the court granted Parks a directed verdict on liability against Ajamian and the jury, by answering a special interrogatory, determined that Ajamian did not have permission to use Skelton's vehicle.
Subsequently, inasmuch as Ajamian was apparently not insured, Parks started arbitration proceedings with Colonial Penn seeking recovery for uninsured motorist benefits. Colonial Penn, however, refused to arbitrate because of the possibility that Ajamian was entitled to coverage from INA. Consequently Parks brought a declaratory judgment action against Colonial Penn seeking to establish his rights to the uninsured motorist benefits. Colonial Penn filed a third-party complaint against *121 INA in which it claimed that INA's policy afforded coverage to both Skelton and Ajamian. INA successfully moved to dismiss the third-party complaint on the basis of the res judicata effect of the finding of nonpermissive use at the underlying action. Thereafter, Parks obtained an order for summary judgment against Colonial Penn establishing his right to uninsured motorist benefits. These rulings were affirmed by the Appellate Division.
The Supreme Court reversed, holding that Colonial Penn could not be bound by the result in the underlying case. It stated:
To the extent that the parties sought, with the trial court's permission and assistance, to litigate the permissive-use issue despite its lack of relevancy, they converted a straightforward negligence case into an insurance-coverage case  and this without the participation of a party who, as to the issue of coverage, was indispensable if it was to be bound by the determination, namely, Colonial Penn. Nobody in the Parks liability case was a privy of Colonial Penn.... A fair application of doctrines of issue preclusion would not foreclose Colonial Penn's right to litigate the question of coverage under these circumstances.
Having said that, we nevertheless recognize that there are strong arguments for policies of issue preclusion that will avoid multiplicity of litigation over the same issue. Yet it remains essential that the party to be bound by the former adjudication have fair notice and be fairly represented in the prior proceeding. Id. at 47.
We, of course, recognize that Parks involved an attempt to bind a nonparty to the result in a civil action and this case deals with binding a nonparty to an arbitration award. In our view, however, this distinction does not impact on the outcome. It is unfair to hold Ohio bound to a result reached at a proceeding at which it had no opportunity to participate. Indeed, it is obvious from Rutgers' instructions to its attorneys that it recognized Ohio should have been put on notice of the arbitration. See also Jaworski v. Motor Club of Amer. Ins. Co., 182 N.J. Super. 651 (Law Div. 1981).
Rutgers contends that it is fair to hold Ohio bound by the arbitration award as the carriers had the same interest in minimizing Clara Dickerson's recovery. It is true that a party may be bound by the result in a prior proceeding in which it had *122 no opportunity to participate provided it was privy to a party in that case. See Wunschel v. City of Jersey City, 96 N.J. 651, 658 (1984). But the fact that parties have similar interests in the outcome of litigation does not in itself establish a privity of interest for res judicata purposes, as privity in this context requires some legal connection between the parties such as succession to the same rights to property. See Hudson Transit Corp. v. Antonucci, 137 N.J.L. 704, 706 (E. & A. 1948).[4]
In reaching our result, we have not overlooked subsection (c) of N.J.S.A. 17:28-1.1, added by L. l983, c. 362, § 1, which provides that uninsured motorist coverage shall not be stacked and that:
If the insured had uninsured motorist coverage available under more than one policy, and recovery shall not exceed the higher of the applicable limits of the respective coverages and the recovery shall be prorated between the applicable coverages as the limits of each coverage bear to the total of the limits.
We certainly do not intend to contravene the legislative direction for sharing the obligation for payment between two carriers. While the section establishes a substantive principle of law, it does not specify the procedure by which a carrier may assert its rights thereunder. We are satisfied that the rights must be advanced on notice to the other carrier sufficient to allow it to participate in the arbitration if it is to be bound by the result.
At oral argument, Rutgers asserted that it could even at this late date arbitrate against Ohio. We do not decide whether this is so as that issue is not before us. But even if it is, this possible remedy is no comfort to Rutgers here for in that proceeding, unlike the one here, Ohio could protect its interests.
The order of September 12, 1986 is reversed and the matter is remanded to the Superior Court, Law Division, Essex County, for entry of an order dismissing the case as to Ohio.
NOTES
[1] Not counsel on this appeal.
[2] Insofar as we can ascertain, the motion judge did not comply with R. 2:5-6(c) by filing a written statement of reasons for his disposition. Nevertheless, we see no need to remand this case since it is a nondiscretionary matter involving only legal issues.
[3] We are advised that Clara Dickerson has obtained a summary judgment dismissing the action as to her.
[4] Of course, we make no attempt here to list all circumstances in which persons may be held in privity for res judicata purposes. Our example is merely illustrative.