239 N.J. Super. 475 (1990)
571 A.2d 1006
KAZUMI STEGMEIER, PLAINTIFF-RESPONDENT, CROSS-APPELLANT,
v.
ST. ELIZABETH HOSPITAL, DEFENDANT-APPELLANT, CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 20, 1990.
Decided March 23, 1990.
*477 Before Judges PETRELLA, O'BRIEN and HAVEY.[1]
Melinda Fabrikant argued the cause for appellant St. Elizabeth Hosp. (McDonough, Murray & Korn, attorneys, Robert J. Logan, of counsel, Melinda Fabrikant, on the brief).
Robert C. Carroll argued the cause for respondent Kazumi Stegmeier (Forman, Forman, Cardonsky, Andril & Ungvary, attorneys, Robert A. Ungvary, of counsel, Robert A. Ungvary and Robert C. Carroll, on the brief).
The opinion of the court was delivered by PETRELLA, P.J.A.D.
The issue on defendant St. Elizabeth Hospital's appeal is the timeliness of its motion for a new trial. Plaintiff cross-appeals from the denial of her motion to amend the judgment to allow it to be entered against a "Jane Doe, fictitious defendant." The *478 trial judge dismissed defendant's motion for a new trial on procedural grounds because it had not been served upon plaintiff's attorney until the fourteenth day after the jury's verdict. However, it had been filed with the court on the tenth day after the jury's verdict, and a copy was given to a messenger service for delivery to plaintiff's attorney that same day, but it was not served within the 10-day period provided in R. 4:49-1(b). The judge also denied plaintiff's post-trial motion to enter a judgment against a fictitious defendant. R. 4:26-4. We reverse the trial court's dismissal of the hospital's motion for a new trial and remand for a hearing on the merits of that motion. We affirm the denial of plaintiff's motion to amend the judgment.
Plaintiff's malpractice complaint was filed on June 27, 1986 against St. Elizabeth Hospital and certain fictitious defendants whose names were unknown. One of those defendants was a nurse who allegedly had dropped a syringe, picked it up, wiped it with an alcohol prep, and then injected plaintiff, causing an infection. Plaintiff attempted to discover the name of the nurse who allegedly injected her with a contaminated needle. She thereafter filed an amended complaint and substituted nurse Diane Kean for the Jane Doe fictitious defendant, retaining Richard Roe as a fictitious defendant. However, when it was determined that Kean was not the nurse who allegedly injected plaintiff with a "dirty" needle, the amended complaint was voluntarily dismissed as to her. As a result of further discovery, plaintiff determined that Diane Cicio, another nurse who matched the physical description given by plaintiff, was also not the nurse who allegedly injected her. The case proceeded to trial against the hospital as the sole defendant. The hospital denied there was an incident where a nurse dropped a syringe as did the nurses who testified.
We need not consider at length the evidence presented at the trial in order to resolve the issues raised on this appeal. The jury returned a verdict of $50,000 against the hospital by answers to special interrogatories. It found specifically that an unnamed nurse employed by the hospital injected plaintiff with *479 a needle which had been dropped on the floor, and that the unsterile syringe was the proximate cause of plaintiff's injuries. The verdict was reduced by the court to $10,000 pursuant to the charitable immunity statute, N.J.S.A. 2A:53A-8, and judgment in that amount with prejudgment interest was entered against the hospital on December 6, 1988, plus costs.

I
On Friday, December 16, 1988 the hospital filed a motion for a new trial. On the same day, its attorney gave a copy of the motion to Comet Delivery Service with instructions to deliver it to plaintiff's attorney. However, for reasons not apparent in the record, actual delivery was not made to that attorney until Tuesday, December 20, 1988.
On December 16, 1988 plaintiff mailed a copy of her motion to amend the judgment to the hospital's attorney and forwarded the motion to the clerk of Union County for filing.[2]
The hospital concedes that R. 4:49-1(b) requires service of a motion for new trial upon opposing counsel within 10 days of the jury's verdict, as well as filing of the motion within that time. That rule reads:
(b) Time for Motion, Cross-Motion; Affidavits. A motion for a new trial shall be served not later than 10 days after the court's conclusions are announced in non-jury actions or after the return of the verdict of the jury. The motion shall be noticed for hearing and argued no later than the second *480 regular motion day following the service thereof, unless the court for good cause shown orders the hearing fixed for either an earlier or a later date. The opposing party may, within 5 days after service of the motion, serve a cross-motion for a new trial returnable at the same time and place as the motion. If a motion for a new trial is based upon affidavits they shall be served with the motion; opposing affidavits shall be served within 10 days thereafter which period may be extended for an additional period not exceeding 20 days either by written stipulation of the parties or court order. The court may permit reply affidavits. Except in special circumstances the motion shall be decided by the judge on his trial notes without awaiting a transcript of the testimony.
The hospital nonetheless argues that placing a copy of the motion in the hands of a delivery service on the tenth day should be effective since posting a copy in the mail on that day would have constituted effective service under R. 1:5-4(b).[3] Service by regular mail is complete upon mailing. Plaintiff stands on the strict requirement of the 10-day rule and the limited nature of effective service under R. 1:5-4(b), which accords effectiveness on posting only to ordinary United States mail. That rule reads:
(b) Service complete on mailing. Service by mail of any paper referred to in R. 1:5-1, when authorized by rule or court order, shall be complete upon mailing of the ordinary mail. If no ordinary mailing is made, service shall be deemed completed upon the date of acceptance of the certified or registered mail.
Under R. 4:49-1(b) the hospital's new trial motion was to be served upon plaintiff's attorney not later than 10 days after return of the jury's verdict on December 6. Under R. 1:5-2,[4] *481 service upon the attorney for a party under the rule may be by regular mail, hand delivery, registered mail or certified mail.
In this case the hospital's motion for a new trial was filed on the tenth and last day allowed by R. 4:49-1(b) for service of the motion. A copy of the motion was sent by an independent delivery service to plaintiff's attorney and was actually delivered at his office on the fourteenth day after entry of the verdict. An anomalous situation exists because the hospital's attorney chose service by hand delivery (the same result applies if certified mail or registered mail delivery is used) and under the language of the rule service is deemed complete only upon receipt. The time limit in R. 4:49-1 is not subject to being enlarged. See R. 1:3-4(c).
Dismissal of a motion for a new trial which does not comply with the 10-day time limit has been considered mandatory. In Cabrera v. Tronolone, 205 N.J. Super. 268, 270, 500 A.2d 755 (App.Div. 1985), certif. den. 103 N.J. 493, 511 A.2d 666 (1986), defendant filed his motion on the tenth day, but did not give a copy of the motion to a delivery service for hand delivery until the thirteenth day, with actual delivery occurring on the fourteenth day. We there noted that R. 1:3-4(c) prohibits enlargement of the 10-day time for filing of a motion for a new trial, and although disturbed by the result, we affirmed the trial judge's dismissal of defendant's motion as untimely. Likewise, in Baumann v. Marinaro, 95 N.J. 380, 388, 471 A.2d 395 (1984), the motion was neither filed nor mailed until the sixteenth day after the jury verdict. Hence, there was no substantial compliance involved in either case.
However, in Moich v. Passaic Terminal & Transp., Inc., 82 N.J. Super. 353, 197 A.2d 690 (App.Div. 1964), the new trial motion was timely filed six days after the jury's verdict. Counsel *482 gave a copy of the motion to a delivery service on the same day. However, delivery did not occur to opposing counsel until the fifteenth day. It was there held that the trial judge correctly denied defendant's motion for a new trial as untimely.
Although we agree with Cabrera, since the motion was not given to the messenger for service within time, we are constrained to disagree with Moich because, as here, we consider that there had been substantial compliance by timely filing and timely delivery to an independent messenger service. There was substantial compliance by the hospital's attorney when the motion was timely filed and on the same day a copy of the motion was entrusted to an independent delivery service to effect delivery. Under these circumstances, the interests of justice require that the motion be heard on its merits, rather than being dismissed on technical grounds.
The principle of substantial compliance is not foreign to our jurisprudence. See Zamel v. Port of N.Y. Authority, 56 N.J. 1, 5-6, 264 A.2d 201 (1970); Gibson v. Board of Ed. of City of Newark, 205 N.J. Super. 48, 54, 500 A.2d 27 (App.Div. 1985). Whether conduct substantially complies with statutory provisions has led courts to look at various factors:
(1) the lack of prejudice to defending parties; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable explanation why there was not a strict compliance with the statute.

Bernstein v. Board of Trustees Teachers Pen. & Ann., 151 N.J. Super. 71, 76-77 [376 A.2d 563] (App.Div. 1977).
In Zamel the Court noted that the substantial compliance doctrine is recognized to avoid technical defeat of valid claims.
It is difficult to justify on logical grounds that defendant's new trial motion would have been served timely if he had deposited it by ordinary mail in the U.S. mail[5] on Friday, with *483 delivery most likely the following week on Monday or Tuesday at the earliest, but that when it is given to a reliable independent messenger service to hand deliver on the tenth day it is an absolute requirement that it must be delivered that day. We recommend that the Civil Practice Committee consider an appropriate amendment to R. 1:5-4(b).
The principles in Bernstein v. Board of Trustees Teachers Pen. & Ann. are satisfied here and warrant applying the concept of substantial compliance. Opposing counsel would most likely have received the motion at about the same time it would have been delivered by the U.S. mail; there was no prejudice to the opposing party; and the movant took steps to comply with the rule by delivering the papers to an independent messenger service. The minimal delay in actual receipt was not unreasonable. The purposes of the tight time limitations, expedition and finality, are not frustrated by holding that the motion papers were timely served under these circumstances. We hold that where the motion papers are placed with a reputable independent messenger service for delivery within the time limitation of the rule, that limitation is satisfied when there has been timely filing, despite a short delay in effecting service, provided the movant acted in good faith and there is no prejudice to the opposing party.
Unfortunately, the trial judge did not rule in the alternative on the motion for a new trial, and hence a remand is required. We suggest that in the future, in these types of cases where the issue is timeliness of service, that the trial judge rule on the merits in the alternative for purposes of judicial economy in appellate review.

*484 II
We turn now to plaintiff's cross-appeal in which she asserts that a cause of action against the fictitiously named nurse remains viable despite the trial against the hospital and, since the hospital's insurer is the real party in interest, the court should have entered judgment against the fictitiously named nurse. Plaintiff argues that by doing so, the trial court would require the hospital's malpractice carrier to pay the difference between the jury's $50,000 verdict and the $10,000 limit which will be paid by the hospital pursuant to the charitable immunity statute, N.J.S.A. 2A:53A-8, thus avoiding a windfall to the insurer. Plaintiff seeks to avoid the statutory limitation in N.J.S.A. 2A:53A-8 by ignoring the plain language of R. 4:26-4, the last sentence of which states: "No final judgment shall be entered against the persons designated by a fictitious name."

A.
In using the fictitious name procedure of R. 4:26-4 plaintiff was allowed to file an action against unknown defendants before expiration of the statute of limitations even though discovery is actually required to identify the responsible individual. Viviano v. CBS, Inc., 101 N.J. 538, 547, 503 A.2d 296 (1986). When diligent discovery discloses the identity of the formerly unknown party, a plaintiff may then amend the complaint and that amendment relates back to the filing of the original complaint, allowing plaintiff to maintain an action that might otherwise be time barred. See Id. at 548, 503 A.2d 296; Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 120-123, 299 A.2d 394 (1973).
After filing a complaint which includes a fictitious defendant, plaintiff is required to proceed diligently to amend the complaint without prejudice to the defendant to be joined. Farrell v. Votator, supra (62 N.J. at 120, 299 A.2d 394); Fede v. Clara Maass Hosp., 221 N.J. Super. 329, 331-332, 534 A.2d 443 (Law Div. 1987). In this case, plaintiff actually substituted *485 a real nurse for one of the fictitious defendants, but later voluntarily dismissed as to that nurse, and has never thereafter identified the fictitious defendant.
R. 4:26-4's protection from the running of the statute of limitations is exhausted once the plaintiff substitutes a specific defendant for the fictitious defendant. Viviano v. CBS, Inc., supra (101 N.J. at 549, 503 A.2d 296); Miletta v. Doe, 158 N.J. Super. 550, 555, 386 A.2d 897 (Law Div. 1978). R. 4:26-4 also provides:
Plaintiff shall on motion, prior to judgment, amend his complaint to state defendant's true name, such motion to be accompanied by his affidavit stating the manner in which he obtained that information.
Plaintiff failed to name a real defendant for the other fictitious defendant listed in the complaint. It is undisputed that the trial proceeded solely against the hospital. The judgment was only against the hospital. By the plain language of R. 4:26-4 plaintiff is precluded from taking judgment against a fictitious defendant. Plaintiff's failure to amend the complaint prior to judgment and name a previously unknown defendant entitles each unnamed defendant to the protection of the statute of repose, unless plaintiff has been deceived or misled as to the defendant's identity. See Viviano v. CBS, Inc., supra (101 N.J. at 544, 503 A.2d 296); Marion v. Borough of Manasquan, 231 N.J. Super. 320, 335, 555 A.2d 699 (App.Div. 1989); Hernandez v. St. James Hosp., 214 N.J. Super. 538, 544, 520 A.2d 773 (App.Div. 1986); Younger v. Kracke, 236 N.J. Super. 595, 566 A.2d 581 (Law Div. 1989). In this case, however, the trial judge found that discovery was full and complete, and that there was no preclusion of plaintiff's opportunity to attempt to identify the nurse. The trial judge specifically stated:
Your client was very specific about testifying both at deposition and at trial that the nurse's name was Diane, probably Diane C., that it was not either of the two Dianes that were presented to her, either Diane Cescia [sic] who testified here or a Diane Cane [sic], I believe, who the hospital had identified. I'm aware of no discovery that was denied to plaintiff or any discovery requests that were denied by the court that did anything rather than give plaintiff full access to all of the hospital records that would have shed light on who the Jane Doe defendant was....
*486 Our review of the record demonstrates that there is adequate support for the judge's conclusion in that regard. Claims of discovery abuses by defendant are neither demonstrated in this record, nor rise to the level required for late amendments of the complaint. Viviano v. CBS, Inc., supra.

B.
Plaintiff also argues that we should relax the language of R. 4:26-4 through application of R. 1:1-2 in order to avoid injustice. The injustice plaintiff asserts is that the application of the rule denies her a full recovery due to the charitable immunity statute, N.J.S.A. 2A:53A-8. While recovery is precluded above $10,000, this limitation was obviously considered and adopted by the Legislature in enacting a statute which eliminates recovery against hospitals of any portion of a judgment in excess of that amount. Furthermore, plaintiff's inability to identify the nurse involved (the hospital denied such an incident as did the nurses who testified) is neither exceptional nor extraordinary, based upon the facts and arguments presented in her brief as well as a careful review of the transcript. To adopt her argument would be to render meaningless the language of R. 4:26-4 which requires amendment of a complaint prior to judgment and precludes judgment against a fictitious defendant. We reject plaintiff's arguments with respect to that aspect of the cross-appeal.
Plaintiff further argues on her cross-appeal that she retains a viable cause of action against the fictitious nurse defendant, and that the judgment against the hospital would collaterally estop the nurse when and if he or she is identified. She relies in her argument on McFadden v. Turner, 159 N.J. Super. 360, 388 A.2d 244 (App.Div. 1978), which we find inapposite. In that case we held that the cause of action against the hospital and its employees for negligence can be split, with damages assessed in a suit against the hospital alone constituting a ceiling as to damages in the subsequent action against the *487 employees. Nothing is said about the statute of limitations, which applies here to bar a subsequent law suit even if plaintiff somehow identifies the nurse hereafter.
Aside from the fact that this argument was never presented to the trial court, to the extent it may have merit, it places the cart before the horse. Plaintiff is obligated to identify the fictitious defendant and allow that defendant an opportunity to defend. A judgment in the absence of process on the defendant, based upon a trial of which the nurse was not only unaware, but also not even a party to the litigation would, as the trial judge found, be tantamount to a default judgment without service of process or even identification of defendant. We reject plaintiff's argument. See, e.g., D'Arcy v. Ketchum, 52 U.S. (11 How.) 165, 13 L.Ed. 648 (1850).
Moreover, principles of issue preclusion would probably bar plaintiff in any subsequent law suit. The case has been tried to conclusion, and nothing in the rules or case law indicates that the complaint against the hospital and a fictitious nurse remains open as a viable action indefinitely until plaintiff identifies the nurse at some unknown future date. It is now more than four years after the unknown nurse's alleged malpractice, and more than two years beyond the statute of limitations. No cause of action would appear to survive as to the nurse.
Plaintiff also argues that the malpractice insurer for the nurses' group was the same as that for the hospital, and therefore any judgment against the hospital should collaterally estop the nurse. The record contains no such information concerning the fictitious nurse's insurer. However, even if that were the fact, collateral estoppel requires that the parties to be bound by the former adjudication have fair notice and be fairly represented in the prior proceeding. Parks v. Colonial Penn Ins., 98 N.J. 42, 47, 484 A.2d 4 (1984); Wunschel v. Jersey City, 96 N.J. 651, 658, 477 A.2d 329 (1984) (holding that an employee is not bound by a finding of employment status between the employer and coemployee). That the parties may have similar interests in the outcome of the litigation (as plaintiff asserts *488 defendant and the unknown nurse would have in this instance) does not of itself establish privity of interest between them for purposes of issue preclusion. Rutgers Cas. Ins. Co. v. Dickerson, 215 N.J. Super. 116, 122, 521 A.2d 373 (App.Div. 1987). The trial judge properly denied plaintiff's motion for entry of a judgment against a fictitious defendant.
We reverse as to the dismissal of defendant's motion for a new trial on procedural grounds. We affirm with respect to the cross-appeal. No costs.
NOTES
[1] Judge Havey did not participate in oral argument. However, the parties have consented to his participation in the decision.
[2] The date typed on the copy of plaintiff's motion in the appendix recites that it was filed December 17, 1988, 11 days after return of the jury's verdict. Since December 17, 1988 was a Saturday it is apparently a typographical error. However, pursuant to R. 1:5-6(a), plaintiff's motion was also required to be filed "either before service or promptly thereafter, unless the rule requiring service or filing provides otherwise." It appears that service of the motion to amend the judgment was made within the 10 days after entry of the judgment allowed by R. 4:49-2 and the motion was filed "promptly thereafter." See Cabrera v. Tronolone, 205 N.J. Super. 268, 271, 500 A.2d 755 (App.Div. 1985), certif. den. 103 N.J. 493, 511 A.2d 666 (1986). Neither party has raised an issue of timeliness of plaintiff's motion. In any event, it is not an impediment to our resolution of this appeal.
[3] A different rule applies for filing, which is effective only on receipt. State v. One 1986 Subaru, 230 N.J. Super. 451, 458, 553 A.2d 869 (App.Div. 1989), certif. granted 117 N.J. 61, 563 A.2d 826 (1989); Waite v. Doe, 204 N.J. Super. 632, 499 A.2d 1038 (App.Div. 1985), certif. den. 102 N.J. 398, 508 A.2d 256 (1986); Leake v. Bullock, 104 N.J. Super. 309, 313, 250 A.2d 27 (App.Div. 1969).
[4] R. 1:5-2 states:

Service upon an attorney of papers referred to in R. 1:5-1 shall be made by mailing a copy to him at his office by ordinary mail, by handing it to him, or by leaving it at his office with a person in his employ, or, if his office is closed or he has no office, in the same manner as service is made upon a party. Service upon a party of such papers shall be made as provided in R. 4:4-4 or by registered or certified mail, return receipt requested, to his last known address; or if the party refuses to claim or to accept delivery, by ordinary mail to his last known address; or if no address is known, by ordinary mail to the clerk of the court. Where mailed service is made upon a party, the modes of service may be made simultaneously.
[5] To avoid this problem a prudent attorney should use simultaneous service by ordinary mail. See R. 1:5-2. It is virtually common knowledge in this region today that U.S. mail postal service is no longer as efficient as it once was. Indeed, the proliferation of delivery services and their generally accepted use by attorneys as well as the general public warrants reexamination of the rule that service by ordinary mail alone is effective on deposit of the document in the mail. Of course we recognize a countervailing principle is that one choosing an independent, nongovernmental entity to affect delivery bears the responsibility for timely delivery or the consequences of late delivery. It can also be argued that this principle should apply to the post office.