**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1859-18T2

MARINER FINANCE LLC,

      Plaintiff-Appellant,

v.

CAITLIN ANDREN,

      Defendant/Third-Party
      Plaintiff-Respondent,

v.

SHAKE-A-PAW and JEFF
MORTON,

      Third-Party Defendants.
_____

          Submitted February 4, 2020 – Decided February 18, 2020

          Before Judges Fisher, Accurso and Rose.

          On appeal from the Superior Court of New Jersey, Law
          Division, Middlesex County, Docket No. SC-001225-
          17.

Law Offices of Randolph Walzer & Associates, LLC, attorneys for appellant (Randolph Walzer, on the briefs).

Skoller Law LLC, attorneys for respondent (Stephen H. Skoller, on the brief).

PER CURIAM

The issues presented in this appeal have their genesis in Caitlin Andren's purchase of a puppy from Shake-a-Paw. A dispute arose when the puppy was found to have health issues, causing Andren to incur unexpected veterinary bills. Ultimately, plaintiff Mariner Finance LLC, a company that financed the purchase, commenced this suit against Andren, alleging she was obligated to pay what was due on the puppy purchase. Andren answered the complaint and filed both a counterclaim against Mariner and a third-party complaint against Shake-a-Paw and Jeff Morton, alleging consumer fraud and breach of contract.

The parties settled their disputes and filed a stipulation of settlement in January 2018 that obligated Andren to make ten monthly $200 payments to Mariner. They agreed that if Andren made all the payments on time, the suit would be dismissed with prejudice; they also agreed that if Andren defaulted, Mariner would "have the right to enter [j]udgment against [her] for the full sum due" as alleged in the complaint "less credit for any payments made on account hereof."

In July 2018, Mariner moved for the entry of judgment, asserting that Andren made only three of the ten required payments. Andren responded with a certification, claiming that all payments were made and, in fact, replacement checks had been provided because either Mariner or its attorney misplaced some of her checks. She asserted that the final payment was made on June 1, 2018. Without explanation, the judge denied the motion by way of an order entered on August 6, 2018.[1]

Mariner moved for reconsideration forty-two days later. The judge found the motion untimely and denied relief. This time, however, the judge explained his prior ruling, stating that Andren had "presented sufficient documentation to establish that [Mariner] had mishandled and misapplied timely payments made by [Andren] to an extent sufficient to preclude [Mariner] from seeking recovery of an amount in excess of that agreed [to] in the [s]tipulation of [s]ettlement."

Undeterred, Mariner again moved for judgment on October 29, 2018. This motion was denied by order entered on November 21, 2018; in so ruling, the

---

[1] The record on appeal does not contain either a written decision or a transcript of an oral decision, and the August 6 order does not state or suggest that such a decision exists. Instead, in ruling on the motion, it seems the judge merely took Mariner's proposed order, wrote the word "denied" beneath the title "order for judgment" on the first page, dated it, ran a line through the "ordered" paragraph, added nothing in place of the "ordered" portion of the proposed order to memorialize his ruling, and signed it.

A-1859-18T2

judge referred to his disposition of the earlier reconsideration motion and directed that "no further motions of this nature will be considered by this [c]ourt."

Mariner filed a notice of appeal on January 2, 2019, 149 days after the first order, eighty-four days after the second, and forty-two days after the third. The notice of appeal expressly seeks our review only of the third order, not the earlier two, but Mariner only argues in its brief that the judge erred in entering the first order, not the others. For the reasons that follow, we need not consider the impact of these circumstances on Mariner's right to maintain this appeal or on the argument it poses.[2]

Instead, we first consider Andren's suggestion that the appeal is untimely. To make that determination we must first consider whether the August 6, 2018

_____

[2] An aggrieved party is obligated to identify in the notice of appeal the judgment and all interlocutory orders being appealed, R. 2:5-1(e)(3)(i), on pain of losing the opportunity to obtain our review of those orders unmentioned, see Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div.), aff'd o.b., 138 N.J. 41 (1994). When appropriate and in the absence of prejudice, an appellate court may ignore an appellant's oversight. In these circumstances – particularly when the parties have focused their briefs on the August 6 order – we see no harm in treating the appeal as concerning only that order and, because Mariner has not argued in its brief that the second and third orders were erroneous, we conclude that any argument about those orders has been waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014).

order was a final order. If it was, then – to stop the expiration of the time to appeal[3] – Mariner would have been required to move for reconsideration within twenty days. See R. 4:49-2. It failed to do so. The reconsideration motion was filed forty-four days after entry of the August 6 order, and, therefore, could not toll the time to appeal. If the August 6 order was a final order, Mariner's forty-five days to appeal ran out on September 20, 2018, and in those circumstances we would be obligated to dismiss this appeal.[4]

On the other hand, if the August 6 order was only interlocutory, then the motion for reconsideration would not be untimely because a party aggrieved by an interlocutory order may move for its reconsideration any time prior to entry of final judgment. See R. 4:42-2 (declaring that an interlocutory order "shall be

---

[3] If the August 6 order was a final order, then Rule 2:4-1(a) required Mariner to file a notice of appeal within forty-five days. That forty-five days may be tolled by a motion for reconsideration pursuant to Rule 4:49-2 but, as declared in Rule 2:4-3(e), only if the reconsideration motion was "timely" filed and served. Rule 1:3-4(c) declares that the time to file a motion pursuant to Rule 4:49-2 may not be enlarged. When such a motion is timely filed and served, the forty-five-day time period for filing an appeal is tolled, but the clock restarts when the order denying reconsideration is entered. An untimely reconsideration motion does not stop the time within which an appeal must be filed. See Cabrera v. Tronolone, 205 N.J. Super. 268, 270-71 (App. Div. 1985).

[4] Even affording Mariner a thirty-day extension as permitted by Rule 2:4-4(a) but only when the appellant has shown "good cause and the absence of prejudice," the January 2, 2019 notice of appeal would still be untimely.

subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice"). Moreover, the denial of reconsideration of an interlocutory order would have no impact on the timeliness of the appeal because – without trial court finality – the aggrieved party has no right to appeal; in that circumstance, Mariner would be left to seek leave to appeal by motion. It didn't do that either. But that failure would not deprive Mariner of the right to appeal the August 6 order once finality was achieved in the trial court.

The August 6 order itself does not provide the clarity required for our resolution of the finality issue. See n.1, above. Indeed, it says nothing but that Mariner's motion was denied. For that reason, we look to what the judge said to understand the meaning of the August 6 order. Since it appears he never explained his August ruling until he denied reconsideration in October, we can look only to that October ruling, which we quoted earlier, to understand what the judge intended in August. We interpret what the judge said on that latter occasion as holding that Mariner failed to make its case that Andren defaulted or that Andren's submission sufficiently rebutted what Mariner alleged and, therefore, Mariner had failed to prove its entitlement to relief as a matter of law or undisputed fact. We do not understand this ruling as suggesting that Mariner

could not – on a better showing – seek and obtain relief. Instead, we compare his ruling to a denial of summary judgment.

To be sure, reasonable minds might differ as to the judge's intentions. But we think the proper course is to assume that Mariner had not been completely foreclosed from seeking enforcement of the stipulation of settlement. That assumption comports better with our general preference for the disposition of cases on their merits, not on procedural niceties. See Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 356 (2001).

Since we conclude that the August 6 order is not a final order, we must also conclude that the following two trial court motions, which were properly understood by the trial judge as seeking only reargument or reconsideration, could not convert the interlocutory August 6 order into a final order. The culmination of all this is that the appeal itself is subject to dismissal, not because it is untimely but because it is premature. Whether Mariner is entitled to relief based on a default by Andren on the stipulation of settlement or whether Andren is entitled to a declaration that she has fully performed the stipulation of settlement has – in our view of these ambiguous circumstances – yet to be determined.

A-1859-18T2

When faced with the circumstance of a party having mistakenly filed an appeal when that party should have sought leave to appeal, we have a strong tendency to dismiss and remand for the final disposition of the case's remaining issues. See Grow Co. v. Chokshi, 403 N.J. Super. 443, 459-60 (App. Div. 2008). But, we may also grant leave to appeal out of time in appropriate circumstances. See Caggiano v. Fontoura, 354 N.J. Super. 111, 125 (App. Div. 2002).

The simplicity of the case counsels against a dismissal. Instead, to move this case forward to an expeditious conclusion, we conclude that the motion judge correctly determined that Mariner failed to demonstrate its entitlement to judgment pursuant to the stipulation of settlement because the parties' submissions revealed unresolved questions about their performances of the promises contained in the stipulation of settlement.

The August 6, 2018 order is affirmed. We also remand for whatever proceedings may be appropriate for reaching a final disposition as to whether Andren breached or fully complied with the stipulation.[5] We do not retain jurisdiction.

---

[5] It is fair to question the entire process pursued by Mariner. It may very well be that the filing of the stipulation of settlement terminated this lawsuit. That is, the parties' pleaded claims had been finally resolved and replaced with a stipulation of settlement that provided other rights and obligations. Any future

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

disputes between these parties would arise from that stipulation only and logically would have to be pursued in a suit based on that agreement. See Raji v. Saucedo, 461 N.J. Super. 166, 171-72 (App. Div. 2019). Because neither party has so viewed the case, and considering all that has occurred so far since the filing of the stipulation of settlement, we decline to require such additional proceedings at this time; after all that has gone on, it is better that the parties' disputes be expeditiously resolved – even if the procedure is flawed – than to start over in some other lawsuit.