**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0483-23

ADRIAN LONGO,

     Plaintiff-Appellant,

v.

CITY OF ATLANTIC CITY,

     Defendant-Respondent.

_____

          Submitted November 13, 2024 – Decided February 18, 2025

          Before Judges Smith and Vanek.

          On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-4097-21.

          Kris Nejat (Gropper & Nejat, PLLC), attorney for appellant (Kris Nejat and Paul DePetris, on the briefs).

          Tracey S. Cosby, PC, attorney for respondent (Tracey S. Cosby, of counsel and on the brief).

PER CURIAM

     Plaintiff, Adrian Longo, appeals the trial court's orders granting summary judgment dismissing the personal injury claim against defendant City of Atlantic

City ("City") and denying reconsideration. After a Rule 104 hearing prior to trial, the court granted the City's motion for summary judgment, finding that plaintiff failed to timely serve notice pursuant to the Tort Claims Act.[1] Plaintiff appeals, contending the trial court erred because: the City waived the defense of late notice; service was proper; and the trial court improperly questioned witnesses during the Rule 104 hearing, exhibiting bias against plaintiff. We are not persuaded and affirm for the reasons which follow.

I.

Plaintiff tripped and fell while jogging on the boardwalk at its intersection with South Raleigh Ave in Atlantic City. He then attempted to serve a tort claim notice on the City on November 23, 2020. Service was attempted by plaintiff's courier, Fredericks and Palmer Subpoena Service, who left the notice with a security guard, David Genwright.

On December 29, 2021, plaintiff sued the City, alleging that the fall and resultant injuries were caused by the City's negligence. On February 9, 2022, the City moved to dismiss prior to filing an answer. The City then withdrew its motion to dismiss and filed an answer and defenses on February 18, 2022. The City's eighth affirmative defense stated: "[p]laintiff failed and neglected to give

_____

[1] N.J.S.A. 59:1-1 to 12-3.

notice of their claim to defendant a public entity within ninety (90) days of accrual of their claim as mandated in N.J.S.A. 59:8-8, or within [o]ne (1) year establishing extraordinary circumstances."

After discovery, defendant moved for summary judgment in May 2023. Prior to the commencement of trial, the court conducted a Rule 104[2] hearing to determine whether plaintiff had properly served a notice of claim on the City.

On July 28, 2023 the trial court heard testimony from three witnesses: Thomas Fredericks, the process server, testified for plaintiff; Paula Geletei, Atlantic City Municipal Clerk; and Shanece Jones, City Director of Human Resources, both of whom testified for the defense. The trial court made credibility determinations, finding Geletei and Jones credible, but Fredericks not credible. The court disbelieved Fredericks' testimony that he served a security guard at City Hall. The court found that the credible testimony of Geletei and Jones showed that Atlantic City did not employ security guards at the front desk reception area in November 2020. The court further found that security guard David Genwright, the person Fredericks served with the notice, never worked for the City. Finally, the court found the municipal court clerk's office was open at the time Fredericks served Genwright, and that no one working at the City

---

[2] N.J.R.E. 104(a)(2).

Hall reception desk was authorized to accept service on behalf of the City in November 2020. The court then dismissed plaintiff's complaint as a matter of law, finding that plaintiff failed to timely serve Atlantic City as required under the Tort Claims Act. The court subsequently denied plaintiff's motion for reconsideration. Plaintiff appeals both the summary judgment order and the order denying reconsideration.

II.

We review the trial court's grant or denial of a motion for summary judgment de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022) (citing Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019)). We review a trial judge's decision on whether to grant or deny a motion for reconsideration under Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We find an "abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

III.

Plaintiff first argues the City waived its right to raise the affirmative defense of failure to comply with the Tort Claims Act ninety-day notice provision because it gave plaintiff insufficient notice of the defense. Plaintiff also argues the City's notice defense was improperly pled under Rule 4:5-4. We disagree.

"Rule 4:5-4 provides that '[a] responsive pleading shall set forth specifically and separately a statement of facts constituting an . . . affirmative defense.'" Henebema v. Raddi, 452 N.J. Super. 438, 453 (App. Div. 2017) (quoting R. 4:5-4). "Thus, the pleading of affirmative defenses must be, not merely by legal conclusion, but by a statement of facts." Ibid. (citing Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 4:5-4 (2018)). Even though Rule 4:5-4 does not state so explicitly, it is well understood that the failure to plead an affirmative defense will often lead to its waiver. Brown v. Brown, 208 N.J. Super. 372, 384 (App. Div. 1986). Courts may, however, relax this consequence or excuse the waiver, see Douglas v. Harris, 35 N.J. 270, 281 (1961), particularly when the defense is apparent on the face of the pleadings or responsive pleading, see Prickett v. Allard, 126 N.J. Super. 438, 440 (App. Div. 1974).

The City's eighth affirmative defense stated, "[p]laintiff failed and neglected to give notice of their claim to defendant a public entity within ninety (90) days of accrual of their claim as mandated in N.J.S.A. 59:8-8, or within [o]ne (1) year establishing extraordinary circumstances." This plainly worded and unambiguous sentence speaks for itself, and it satisfies Rule 4:5-4. The record shows the City placed plaintiff on unequivocal notice it intended to challenge the November 23, 2020 attempted service at the time it filed its answer. We conclude there was no waiver on these facts.

Plaintiff argues that even if the City's notice defense was pled consistent with Rule 4:5-4, the City's deployment of that defense in a dispositive motion just before trial was untimely, and principles of estoppel should apply. We are not convinced. We consider the relevant principles.

"Estoppel is an equitable doctrine, founded in the fundamental duty of fair dealing imposed by law . . . ." Casamasino v. City of Jersey City, 158 N.J. 333, 354 (1999) (internal citation omitted). "The doctrine is designed to prevent injustice by not permitting a party to repudiate a course of action on which another party has relied to his detriment." Marsden v. Encompass Ins. Co., 374 N.J. Super. 241, 249 (App. Div. 2005) (citing Mattia v. N. Ins. Co. of N.Y., 35 N.J. Super. 503, 510 (App. Div. 1955)). "Estoppel, unlike waiver, requires the

reliance of one party on another." Knorr v. Smeal, 178 N.J. 169, 178 (2003) (citing Country Chevrolet Inc. v. Twp. of N. Brunswick Plan. Bd., 190 N.J. Super. 376, 380 (App. Div. 1983)). "In short, to establish equitable estoppel, plaintiffs must show that defendant engaged in conduct, either intentionally or under circumstances that induced reliance, and that plaintiffs acted or changed their position to their detriment." Ibid. (citing Miller v. Miller, 97 N.J. 154, 163 (1984)). We note that the doctrine of equitable estoppel is "rarely invoked against a governmental entity." Meyers v. State Health Benefits Comm'n, 256 N.J. 94, 100 (2023) (citations omitted). It is only "invoked against a municipality to prevent manifest wrong [or] injustice." Ibid. (citations omitted).

"[T]he Tort Claims Act conditions suit upon filing of notice in the manner specified in the Act, and provides that '[n]o action shall be brought against a public entity . . . unless the claim . . . ha[s] been presented in accordance with the procedure set forth in [N.J.S.A. 59:8-3].'" Konopka v. Foster, 356 N.J. Super 223, 231 (App. Div. 2002) (citing N.J.S.A. 59:8-3). Therefore, "failure to comply with the Act's notice provisions constitutes an affirmative defense to a claim, and the failure of a public entity to specifically assert that defense provides a foundation for the application of equitable principles of estoppel." Ibid. A public entity or public employee may be estopped from asserting that

defense where "the interest of justice, morality and common fairness" dictate that course. Knorr, 178 N.J. at 178 (2003) (citations omitted).

Plaintiff's estoppel argument has no merit. The City promptly asserted its notice defense in its February 18, 2022 answer. Defendant's motion for summary judgment was filed in May 2023 and the Rule 104 hearing took place on July 28, 2023. Plaintiff had over sixteen months to prepare to meet the City's notice defense, and we discern no injustice to plaintiff on this record.

Plaintiff next asserts that his November 23, 2020 service was proper. The ample record belies this statement, and the trial court clearly rejected this position in its findings:

> [P]laintiff is required to serve a tort claims notice on any public entity regarding a tort claim notice within [ninety] days or one year in accordance with the statute N.J.S.A. 59:8-8. For purposes of . . . this [Rule] 104 [h]earing[,] the [c]ourt accepts that service on the Municipal Clerk would be appropriate either by mail or by personal service as was attempted here. Based on the credible testimony the [c]ourt does not find that Mr. Frederick[s] served the City of Atlantic City nor was he at the Atlantic City Hall. There is no credible testimony, no corroborating testimony, no inference that David Genwright or any other security officer was at . . . City Hall on November 19, 2020 at 2:25 p.m. At City Hall there is a police officer and a clerk receptionist. And if the . . . staff receptionist is not there another staffer from the mayor's office goes down . . . and maintains a presence at that desk. [Neither] are . . . authorized to accept service of any document,

A-0483-23

particularly in this case a notice of tort claim. The [c]ourt finds . . . that Mr. Frederick[s] did not present himself at . . . City Hall[,] but presented himself at the county office building as . . . they are in relatively close proximity and share a common pavilion . . . .

. . . .

[I]t's clear to this [c]ourt based on the credible testimony[,] Mr. Frederick[s] did not present himself at City Hall on November 19, 2020 at 2:25 p.m.

. . . .

[T]he question . . . before this [c]ourt is[,] was the City of Atlantic City served the tort claim notice, and I find . . . the answer is no. The [c]ourt finds the City of Atlantic City was not so served with the plaintiff's notice of tort claim . . . .

The trial court found, after an extensive hearing, that plaintiff served his tort claims notice on the wrong person in the wrong building. Hammond v. Paterson, 145 N.J. Super. 452, 455 (App. Div. 1976), states that proof of receipt of the notice had to be "positive" and not "presumptive." We see no basis to disturb the trial court's well-supported reasoning.

The two cases plaintiff cites, Stegmeier v. St. Elizabeth Hosp., 239 N.J. Super. 475 (App. Div. 1990) and Bryant v. Cnty. of Cumberland, 472 N.J. Super. 626 (App. Div. 2022), fail to support the arguments.

A-0483-23

Plaintiff argues that <u>Stegmeier</u> is analogous to the case here and that they substantially complied with the time limitations allowing the court to conclude service was timely.  In <u>Stegmeier</u>, a hospital delivered its motion for a new trial to a delivery service to send to plaintiff's attorney.  239 N.J. Super. at 479.  The attorney received the motion outside of the required ten days.  <u>Ibid.</u>  The court found that despite the late delivery, the defendant's substantial compliance with the requirements allowed the motion to proceed.

However, for Tort Claims Act cases, courts limit substantial compliance "to those situations in which the notice, although both timely and in writing, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute."  <u>H.C. Equities, LP v. Cnty. of Union</u>, 247 N.J. 366, 386 (2021) (quoting <u>D.D. v. Univ. of Med. and Dentistry of N.J.</u>, 213 N.J. 130, 159 (2013)).  In other words, substantial compliance requires timely notice and only excuses technical defects in the notice's content.  Plaintiff cannot claim substantial compliance here because the notice was untimely, not merely deficient.

Plaintiff next looks to <u>Cumberland</u> to support the argument that, even if they served notice in the wrong place, substantial compliance allows the court to find that their service was timely.  This argument is misplaced.  <u>Cumberland</u>

10

addressed whether plaintiffs must serve notice on the clerk of Cumberland's Board of County Commissioners or the County Clerk to sue the public entity defendant. Cumberland, 472 N.J. Super. at 628. The court found that although plaintiffs may have served the wrong entity's clerk, their service was sufficient. Ibid. This case does not support plaintiff's argument because a security guard cannot accept notice for Atlantic City. Rule 4:4-4(a)(8) requires service on public bodies other than the State through "the presiding officer or on the clerk or secretary thereof." A security guard does not qualify under any of these categories.

Next, plaintiff argues that the trial court improperly injected itself into the controversy, exceeding its role as a neutral arbiter and instead serving as an additional advocate for the defense during the Rule104 hearing. We are not persuaded and consider each aspect of the argument separately.

The decision to conduct a Rule 104 hearing "rest[s] within the sound discretion of the trial court." Kemp v. State, 174 N.J. 412, 428 (2002). N.J.R.E 104(a)(1) states in pertinent part, "[t]he court shall decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." (Emphasis added).

When deciding a summary judgment motion, "a trial court confronted with an evidence determination precedent to ruling on a summary judgment motion squarely must address the evidence decision first." Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 384-85 (2010). In doing so, courts are guided by Rule 104 stating that, "[w]hen the . . . admissibility of evidence . . . is subject to a condition, and the fulfillment of the condition is in issue, that issue is to be determined by the judge without resort to the rules of evidence except for Rule 403 or a valid claim of privilege[]." Ibid. (internal citations omitted). "[A]fter the trial court has made the findings required to either admit or exclude the proffered evidence and has made a ruling . . . [then the court may] proceed to determine the then-pending summary judgment." Ibid.

Applying these principles, we easily conclude that the trial court engaged in a proper exercise of discretion when it ordered a Rule 104 hearing to determine whether plaintiff properly served the City with notice.

Finally, we turn to plaintiff's argument that the trial court committed error by directly questioning witnesses in a manner that demonstrated bias during the Rule 104 hearing.

Trial judges may question witnesses in a Rule 104 hearing. State v. Ross, 229 N.J. 389, 408-09 (2017). "Where [they] deem[] it necessary[, they] may

question a witness in order to clarify existing testimony or to elicit further information." State v. Chaney, 160 N.J. Super. 49, 68 (App. Div. 1978) (citing Ridgewood v. Sreel Inv. Corp., 28 N.J. 121, 132 (1958)). We note that "it is well settled that a trial judge has the power and often the duty to intervene in the questioning of a witness." Ibid. (citation omitted). "However, such participation must be balanced by the necessity for self-restraint and the maintenance of an atmosphere of impartiality." Id. at 68-69 (citation omitted).

The record shows the trial court engaged in a proper exercise of its discretion to clarify witness testimony and elicit further information directly relevant to whether plaintiff served timely notice on the City. The court questioned witnesses using a measured and impartial approach, seeking information about how the City Hall reception area was staffed and what authority those staffers had to accept service on behalf of the City. As to Fredericks, the process server, the court's questions probed his familiarity, or lack of it, with downtown Atlantic City, including the location of City Hall. Our review of the record reveals no abuse of discretion by the court as it carried out its proper factfinding role.

Any contentions raised by plaintiff on appeal not addressed here lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-0483-23

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0483-23