755 A.2d 593

EDITH ANYANWU, PLAINTIFF–RESPONDENT, v. LONGY ANYANWU, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 5, 2000—Decided April 14, 2000.

Before Judges STERN, KESTIN and STEINBERG.

*Charles C. Chikezie* and *Sebastian O. Ibezim, Jr.*, attorneys for appellant (*Mr. Chikezie*, on the brief).

No brief filed on behalf of respondent.

The opinion of the court was delivered by

STERN, P.J.A.D.

Pursuant to leave granted on July 26, 1999,[1] defendant-husband appeals from an order of June 8, 1999 denying his "motion to be released from incarceration." The same day we temporarily remanded the matter to the Family Part to consider, if it had not already done so (something unclear from the papers defendant presented and without response from plaintiff), "defendant's claim that incarceration is no longer coercive, and has become punitive, and for relief under *Catena v. Seidl*, 65 *N.J.* 257, 321 *A.*2d 225 (1974)." On August 25, 1999, Judge Herbert Friend, the trial judge, concluded that "[f]urther incarceration of the Defendant remains coercive and is not punitive." The judge found:

> Defendant is refusing to comply with the Order based upon his clearly stated belief in his various applications to the trial court and the Appellate Division that this Court does not have jurisdiction to compel his compliance and based upon his belief that the Appellate Division will overrule the trial court.

By way of background,[2] on August 11, 1997, defendant was ordered to return his children from Nigeria within three days and to deliver them to plaintiff's custody. In failing to do so, defendant was incarcerated on August 14, 1997, pursuant to *R.* 1:10–3. On an emergent application we held that defendant was entitled to a "trial type" hearing regarding his inability to comply with the August 11, 1997 order, and that "he would be entitled to be released from incarceration" if unable to comply. On remand, the trial judge found that defendant had the ability to comply and that he willfully refused to do so.

In our opinion of December 18, 1997, we said:

> The crux of defendant's argument is that the status of the case in Nigeria has made compliance with Judge Friend's order to produce the children impossible. Plaintiff counters that defendant is not in jail for failure to produce the children but because

---

[1] We do not address whether leave is required with respect to an order continuing incarceration in aid of litigant's right, *R.* 1:10–3.

[2] In the absence of anything further submitted by either party since leave to appeal was granted, we take this background from the motion papers and our prior opinions.

he has refused to abide by the judge's order that he make good faith efforts to do so. We agree with plaintiff's view of the proceeding. However, we think that, at this point, the trial judge needs to focus this *R.* 1:10–3 proceeding more sharply. We remand for the entry of an order specifying in detail exactly what steps defendant needs to take to purge himself of the contempt and to secure his release. By way of example, the judge might order defendant to petition the court in Nigeria for the return of his children; contact the State Department for assistance in obtaining the return of the children to New Jersey, or retain counsel in Nigeria to that end. There are a likely number of other possible effective options. In formulating the order, the judge should allow counsel to be heard. The order should be entered within 5 days of this date. Thereafter, defendant may present to the judge evidence that he has complied with the order, or if he has not, why it is impossible for him to do so. The trial judge should forthwith rule on the record on defendant's proffer.

On remand, Judge Friend entered a detailed order on January 5, 1998, directing defendant to:

1.   Direct a letter to his father authorizing his father to turn over custody of the Defendant's children to a representative of the United States Department of State or such person as the Plaintiff may designate.

2.   File an application to the appropriate Court in Nigeria requesting that custody of the children be turned over to the Plaintiff/mother so that they may be returned to the State of New Jersey for further proceedings.

3.   Request that the appropriate Court in Nigeria appoint a Guardian for his children, request the court to direct that custody of the children be turned over to the Guardian and that the Guardian deliver the children into the custody of the United States Department of State at the Embassy/Consulate in Lagos.

4.   Direct his father to make immediate arrangements for the return of the children to New Jersey including making arrangements to take the children to the airport and place them on a flight whose ultimate destination is New Jersey.

5.   Write a letter to the President and/or Prime Minister of Nigeria requesting their assistance in obtaining the return of his children to New Jersey.

6.   Request his father, the Government and the Courts in Nigeria to Order that the sister and brother-in-law of Defendant who last had custody of the children immediately to notify him of their latest whereabouts and medical condition.

7.   File a Certification/Affidavit with the United States Department of State, the Nigerian Consulate and the United States Embassy in Lagos stating that he is the father of the children and he wants them returned to the United States. He must authorize whatever steps are necessary to effect the return of the children to New Jersey.

On appeal from that order we concluded that defendant's incarceration was appropriate. On April 2, 1998, we decided:

Mr. Anyanwu persists in mischaracterizing the reason for his incarceration. As we previously stated, he is not in jail for failure to produce the children but because he has refused to try. The fact that he thinks his efforts will be fruitless is of no

consequence. Judge Friend is not convinced that this is so and his conclusion that every effort should be made by Mr. Anyanwu to secure the return of the children is entirely reasonable. Mr. Anyanwu has the key to his freedom in his pocket. He needs only to abide by Judge Friend's order to secure his release. Again, he is not in jail because he cannot ensure the return of the children but because he refuses to try. If he takes some or all of the steps outlined by the trial judge and indicates that he is making a good faith effort to comply with the judge's order, his release should be reconsidered.

Proceedings continued in the trial court while defendant unsuccessfully petitioned for certification. 162 *N.J.* 129, 741 *A.*2d 96 (1999). On March 12, 1999, the trial judge denied defendant's motion to be released, finding "that defendant has made no efforts to return the surviving child to New Jersey [one having died in the interim] and . . . further . . . that defendant has not complied with prior Orders of the court with regard to the return of the parties' surviving child." And, as noted at the outset, on June 8, 1999, the trial judge again denied his motion for release.

Plaintiff did not oppose defendant's July 1999 motion for leave to appeal. It does not appear from anything presented to us that she appeared at any hearing conducted on the subsequent remand. It is clear, however, that despite communications with the Clerk and a letter to plaintiff's counsel written by the Clerk himself at our direction, requesting plaintiff's position concerning the present proceedings, plaintiff has not responded.[3] As the Clerk's letter of

---

[3] According to the staff attorney who previously spoke with counsel, plaintiff would decide what to do if the matter was remanded again and she would not take action before then. A letter to the staff attorney "confirm[ed] that no response was being filed" and noted prior correspondence by the Clerk to the effect that defendant's submissions were "improper." This letter, dated March 22, 2000, apparently crossed in the mail with the Clerk's letter of March 21, 2000 requesting counsel to advise us directly of plaintiff's position regarding "whether [her] non-participation has a bearing on the merits of the matter, what [her] views are on the impact of such non-participation, and [her] client's position as to whether she still seeks enforcement." The prior correspondence to which counsel refers apparently related to the fact that defendant's motion to use the brief on the motion for leave to appeal as a merits brief was "not being filed" in light of our prior order to that effect. Because of that order, the staff attorney communicated with plaintiff concerning the filing by her of a respond-

March 21, 2000 reveals, we are concerned about "whether an order enforcing litigant's rights [under *R.* 1:10–3] has continued validity if the proponent of the order no longer seeks to enforce it." It may be that plaintiff's funds have been exhausted and that she can no longer afford to prosecute the proceedings, or has become emotionally exhausted or frustrated by the non-compliance, although she still seeks enforcement of her rights. That can be expressed in a sentence or two.

There may be a number of other reasons for her non-response. However, if for some reason her present position is based on a change in attitude about enforcement of the order or defendant's continued incarceration, we know of no basis for continued incarceration in aid of her rights. We emphasize that the record reflects no proceedings under *R.* 1:10–2.

Accordingly, we remand the matter to the Family Part to conduct a hearing forthwith and, in any event, within thirty days hereof, to determine the plaintiff's present position with respect to defendant's non-compliance with the order of January 5, 1998.[4] The trial judge shall render findings of fact and conclusions of law,

---

ing brief. In any event, plaintiff has not responded to the inquiry in the Clerk's letter.

[4] While this appeal was pending, defendant filed *pro se* motions and advised the Clerk that his counsel had been relieved by the trial court. Without deciding whether defendant is indigent or if an indigent incarcerated under *R.* 1:10–3 is entitled to the assignment of counsel, *cf. Rodriguez v. Rosenblatt,* 58 *N.J.* 281, 277 *A.*2d 216 (1971); *Crist v. N.J. Div. of Youth and Family Servs.,* 135 *N.J.Super.* 573, 343 *A.*2d 815 (App.Div.1975); *Smoot v. Dingess,* 160 *W.Va.* 558, 236 *S.E.*2d 468 (1977), on October 8, 1999, we ordered that "[c]ounsel of record who filed the successful motion for leave to appeal shall continue to represent defendant and prosecute the appeal." We also directed counsel to order the transcripts or, if defendant is indigent, to move for their production at public expense. The transcripts were produced through the Court Administrator, but counsel filed no brief on the merits of his appeal. Given defendant's continued incarceration, we subsequently ordered his motion brief to be considered as the merits brief, and defendant thereafter filed a confirming motion based on prior discussions with the Clerk as a result of these developments. Defendant's present counsel shall continue to represent defendant on the remand proceedings and thereafter unless relieved by us.

within thirty days hereof, regarding plaintiff's position with respect to the continued viability of this matter and the legal impact of her position. If during the remand proceedings, defendant shows compliance with the extant order of the Family Part, or plaintiff does not seek its continued enforcement, defendant shall be released immediately.

We retain jurisdiction.