891 A.2d 1253 (2006)
383 N.J. Super. 405
D.R. HORTON, INC.-NEW JERSEY (named as D.R. Horton, Inc.), Appellant,
v.
NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted January 18, 2006.
Decided March 1, 2006.
*1254 Sokol, Behot, & Fiorenzo, Hackensack, attorneys for appellant (Herbert B. Bennett, on the brief).
Nancy Kaplen, Acting Attorney General, attorney for respondent (Patrick DeAlmeida, Assistant Attorney General, of counsel; Leena A. Raut, Deputy Attorney General, on the brief).
Before Judges SKILLMAN, AXELRAD and PAYNE.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
The issue presented by this appeal is whether a statutory deadline for a party requesting a hearing to contest administrative agency action is subject to the substantial compliance doctrine.
On November 2, 2004, appellant D.R. Horton, Inc. received notice from the Department of Environmental Protection (DEP) of an $18,000 penalty assessment for alleged violations of regulations adopted under the Freshwater Wetland Protection Act, N.J.S.A. 13:9B-1 to -30. Under N.J.S.A. 13:9B-21(d), appellant had twenty days from the receipt of this notice to request a hearing. On November 18, 2004, four days before expiration of this period, appellant mailed a request for a hearing to the DEP by certified mail, return receipt requested. For reasons not disclosed by the record, the United States Postal Service did not deliver this notice until six days later, on November 24, 2004. On December 21, 2004, the DEP notified appellant that its request for a hearing *1255 was denied because the request had not been received within the required twenty-day period.
In support of its denial of appellant's hearing request, the DEP relies upon cases holding that a "statutory time limitation for requesting an adjudicatory hearing is mandatory and jurisdictional[,]" and therefore not subject to enlargement. Schaible Oil Co. v. N.J. Dep't of Envtl. Prot., 246 N.J.Super. 29, 31, 586 A.2d 853 (App.Div.), certif. denied, 126 N.J. 387, 599 A.2d 163 (1991); see also Cavallaro 556 Valley St. Corp. v. Div. of Alcoholic Beverage Control, 351 N.J.Super. 33, 37-42, 796 A.2d 938 (App.Div.2002); In re Application of Modern Indus. Waste Serv., Inc., 153 N.J.Super. 232, 237-38, 379 A.2d 476 (App.Div.1977); Midland Glass Co. v. Dep't of Envtl. Prot., 136 N.J.Super. 194, 197-98, 345 A.2d 353 (App.Div.1975), certif. dismissed as moot, 70 N.J. 152, 358 A.2d 199 (1976).
However, our courts have recognized that even strict statutory limitations on the initiation of legal action are subject to the substantial compliance doctrine. See Negron v. Llarena, 156 N.J. 296, 300-05, 716 A.2d 1158 (1998); Zamel v. Port of N.Y. Auth., 56 N.J. 1, 5-6, 264 A.2d 201 (1970); Bernstein v. Bd. of Trs. of Teachers' Pension & Annuity Fund, 151 N.J.Super. 71, 76-79, 376 A.2d 563 (App. Div.1977). For example, the Court held in Negron that even though the two-year limitations period for filing a wrongful death action contained in N.J.S.A. 2A:31-3 is a "substantive statute of limitations" that must be complied with "as a condition precedent to bringing suit," 156 N.J. at 300, 716 A.2d 1158, this limitations period is subject to the substantial compliance doctrine, which "allows for the flexible application of a statute in appropriate circumstances." Id. at 304, 716 A.2d 1158.
We conclude that a time limitation on a party requesting an adjudicatory hearing, such as the one set forth in N.J.S.A. 13:9B-21(d), is also subject to the substantial compliance doctrine, even though that limitations period has been characterized as "mandatory and jurisdictional." Schaible, supra, 246 N.J.Super. at 31, 586 A.2d 853. "[T]here is no significant difference between [a `substantive' limitation period on the initiation of] administrative action and a comparable restriction on the enforceability of a claim in a court of law." White v. Violent Crimes Comp. Bd., 76 N.J. 368, 387, 388 A.2d 206 (1978). "Both in effect are restrictions on what is often imprecisely termed the `jurisdiction' of the forum to provide the particular relief authorized by the Legislature." Ibid. "Whether the substantive limitation period applies to administrative or judicial action, the focus of the judicial inquiry must remain on the question of legislative intent." Ibid.
We perceive no basis for inferring a legislative intent to preclude application of the substantial compliance doctrine to the requirement of N.J.S.A. 13:9B-21(d) that a request for an adjudicatory hearing be filed within twenty days of receipt of notice of the proposed administrative action. The purposes of such a requirement, which are comparable to a statute of limitations, are to compel a party aggrieved by agency action to challenge that action promptly and to give finality to agency action that is not challenged in a timely manner. See White, supra, 76 N.J. at 380-81, 388 A.2d 206; Borough of Park Ridge v. Salimone, 21 N.J. 28, 45-49, 120 A.2d 721 (1956). These purposes are not undermined by the application of a doctrine that allows a challenge to agency action to be maintained where the aggrieved party has taken reasonable steps to initiate the challenge within the prescribed period, but the agency has failed to receive timely notice of the *1256 challenge due to circumstances beyond the aggrieved party's control.
To establish substantial compliance, a party must show
(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim[;] and (5) a reasonable explanation why there was not a strict compliance with the statute.
[Negron, supra, 156 N.J. at 305, 716 A.2d 1158 (quoting Bernstein, supra, 151 N.J.Super. at 76-77, 376 A.2d 563).]
Appellant's request for an administrative hearing satisfied these requirements: the DEP was not prejudiced by receipt of the hearing request two days past the statutory deadline; appellant took appropriate steps to comply with the statute by mailing its request four days before the deadline; this mailing constituted general compliance with the purpose of the deadline and provided reasonable notice of appellant's claim; and the fact that appellant mailed its hearing request four days before the statutory deadline provides a "reasonable explanation" why there was not strict compliance with the deadline.
Only the final requirement warrants any discussion. We take judicial notice of the fact that the United States Postal Service ordinarily delivers mail within the State in less than four days. Consequently, appellant could have reasonably expected that mailing the hearing request four days before the statutory deadline would result in its receipt by the deadline. We also note that the notice of penalty assessment did not provide a street address to which a hearing request could have been delivered, only a post office mailing address. Therefore, the only method by which appellant could have submitted its hearing request was mail delivery.
In Stegmeier v. St. Elizabeth Hosp., 239 N.J.Super. 475, 479-83, 571 A.2d 1006 (App.Div.1990), we held that the delivery of a motion for new trial to an independent delivery service on the tenth day after the jury verdict, with instructions to deliver the motion to plaintiff's attorney, constituted substantial compliance with the requirement that a motion for new trial be served within ten days of the verdict, even though actual delivery of the motion was not made until four days later. We reached this conclusion despite the fact that the ten-day period for filing a new trial motion is "considered mandatory" and not subject to enlargement. Id. at 481, 571 A.2d 1006.
In this case, appellant's hearing request was mailed through the United States Postal Service, not simply delivered to an independent delivery service. Moreover, the mailing occurred four days before the statutory deadline for submission of the request, not the day of that deadline, as in Stegmeier. Therefore, it is clearer in this case than in Stegmeier that the steps taken by appellant to submit its hearing request were reasonably calculated to comply with the statutory deadline and that there is a reasonable explanation for appellant's failure to strictly comply with that deadline.
Accordingly, we reverse the DEP's final decision denying appellant's hearing request as untimely and remand the matter for a hearing on the merits.