966 A.2d 82 (2009)
406 N.J. Super. 13
STATE of New Jersey DEPARTMENT OF ENVIRONMENTAL PROTECTION, BUREAU OF COUNTY ENVIRONMENTAL AND WASTE COMPLIANCE ENFORCEMENT, Plaintiff-Respondent,
v.
MAZZA AND SONS, INC., Borough Property, L.L.C., Dominick J. Mazza, Individually, and James Mazza, Individually, Defendants-Appellants.
No. A-4097-07T1
Superior Court of New Jersey, Appellate Division.
Argued January 13, 2009.
Decided March 19, 2009.
*85 James G. Aaron, Newark, argued the cause for appellants (Ansell, Zaro, Grimm & Aaron, attorneys; Barry M. Capp, on the brief).
Gary W. Wolf, II, Deputy Attorney General, argued the cause for respondent (Anne Milgram, Attorney General, attorney; Melissa Raksa, Deputy Attorney General, of counsel; Mr. Wolf, on the brief).
Before Judges SKILLMAN, GRAVES and GRALL.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
This appeal involves the interpretation and application of Rule 4:67-6, which governs an action by a state agency for judicial enforcement of an administrative order.

I.
In April 2002, plaintiff Department of Environmental Protection (DEP) issued permits under the Solid Waste Management Act (SWMA), N.J.S.A. 13:1E-1 to -48, and the New Jersey Statewide Mandatory Source Separation and Recycling Act, N.J.S.A. 13:1E-99.11 to -99.32, authorizing defendant Mazza & Sons to operate a solid waste transfer station and recycling center in Tinton Falls. Defendants Dominick and James Mazza are the principals in Mazza & Sons.
On April 27, 2006, the DEP issued an Administrative Order and Notice of Civil Administrative Penalty Assessment (AONOCAPA), which determined, based on compliance evaluations conducted on March 31, 2005, May 2, 2005, May 17, 2005, June 21, 2005 and July 7, 2005, that Mazza & Sons had violated various administrative regulations governing the operation of solid waste facilities under the SWMA and Solid Waste Utility Control Act (SWUCA), N.J.S.A. 48:13A-1 to -13. This order was also directed to Dominick and James Mazza, individually, and to defendant Borough Property, L.L.C., the owner of a fifty-acre property adjoining the transfer station and recycling center in which the Mazzas are also the principals (collectively "defendants"). Based on those violations, the AONOCAPA ordered defendants to take various remedial actions, many of which were required to be performed "immediately." The AONOCAPA also directed defendants to obtain various permits and other approvals from the DEP before undertaking this remedial work. In addition to ordering defendants to remedy the violations of the DEP regulations, the AONOCAPA imposed a civil administrative penalty of $27,000 for the violations.
The AONOCAPA specifically informed defendants that they were entitled to request a hearing to challenge its provisions and enclosed a form they could use for this purpose. The AONOCAPA also stated that "[i]f no request for a hearing is received within twenty (20) calendar days from receipt of this AONOCAPA, it shall become a Final Order upon the twenty-first (21st) calendar day following its receipt, and the penalty shall be due and payable." In addition, the AONOCAPA stated: "Submittal or granting of a hearing request does not stay the terms or effect of this AONOCAPA."
*86 Defendants received the AONOCAPA on May 11, 2006. Thus, as provided by N.J.S.A. 13:1E-9(c) and (e) and set forth in the AONOCAPA, defendants had until June 1, 2006 to request a hearing.
However, defendants failed to submit a timely request for a hearing. Moreover, insofar as the record before us indicates, defendants did not take any steps to comply with the remedial provisions of the April 27, 2006 AONOCAPA that required immediate action.
On July 17, 2006, which was forty-six days after the time for requesting a hearing had expired and the April 27, 2006 AONOCAPA had become final, defendants filed a request with the DEP for a hearing. However, defendants did not seek a stay of the remedial provisions of the AONOCAPA or, as far as the record before us indicates, comply with any of those provisions.
On August 17, 2006, the DEP issued a penalty demand letter to Dominick Mazza and Mazza & Sons, which indicated that they had failed to submit a timely request for a hearing with respect to the April 27, 2006 AONOCAPA and directed them to pay the $27,000 penalty imposed by that AONOCAPA within seven days, after which the matter would be referred to a collection agency.
Except for this penalty demand letter, the DEP did not provide any response to defendants' untimely request for a hearing for a significant period of time. However, the DEP issued a number of other AONOCAPAs that imposed additional remedial obligations upon defendants and assessed substantial additional penalties. The first of those AONOCAPAs was issued on June 15, 2006, during the period between when the April 27, 2006 AONOCAPA became final on June 1, 2006 and Mazza filed its untimely request for a hearing on July 17, 2006. Five other AONOCAPAs were issued thereafter, one on February 5, 2007 and four more on May 31, 2007. Defendants submitted timely requests for hearings with respect to all of these subsequent AONOCAPAs.
By letter dated February 6, 2007, a DEP representative notified defendants that their July 17, 2006 request for a hearing had been denied. This letter also stated:
[T]he AONOCAPA is final and all terms and conditions are in full force and effect and respondents shall pay the amount of the penalty to the Department. Failure to do so will subject respondents to penalties and other enforcement action by the Department.
On March 16, 2007, Mazza's counsel sent a letter to the DEP, which requested reconsideration of the DEP's denial of Mazza's request for a hearing.
On June 14, 2007, the penalty assessment part of the April 27, 2006 AONOCAPA was referred to a collection agency. On August 31, 2007, the DEP docketed this part of the AONOCAPA as a judgment of the Superior Court, as authorized by N.J.S.A. 2A:58-10 and Rule 4:70-1(b).
On September 25, 2007, the DEP brought this action in the Chancery Division for enforcement of the remedial provisions of the April 27, 2006 AONOCAPA. The DEP submitted a certification by Raymond Belonzi, the Bureau Chief of Solid Waste Enforcement and Compliance, in support of its complaint, which alleged that none of the provisions of subparagraphs 5(e) to (i) of the April 27, 2006 AONOCAPA had been complied with. Based on the allegations of the DEP's complaint and the Belonzi certification, the trial court entered an order to defendants to show cause why enforcement of the April 27, 2006 AONOCAPA should not be granted.
*87 In opposition to this order, defendants submitted a certification by Dominick Mazza, which alleged that defendants had complied with the DEP orders that required removal of fill from the Borough Property site. Defendants also submitted a brief in opposition to the order to show cause which argued that notwithstanding its failure to file a timely request for a hearing challenging the April 27, 2006 AONOCAPA, the trial court should decline summary enforcement of the remedial provisions of the AONOCAPA. In addition, defendants filed a motion under Rule 4:50-1 to vacate the docketed judgment that made the $27,000 in civil administrative penalties imposed by the April 27, 2006 AONOCAPA a judgment of the court.
The trial court concluded that it had no authority in the DEP's enforcement action to review either the DEP's denial of defendants' request for a hearing as untimely or the substance of the April 27, 2006 AONOCAPA. The court ruled that the Appellate Division has exclusive jurisdiction to review the action of a state agency such as the DEP, which defendants had failed to pursue by the filing of an appeal from the DEP's actions. Accordingly, without passing on the merits of defendants' challenges to this administrative order, the court entered final judgment enforcing the remedial provisions of the April 27, 2006 AONOCAPA and denying defendants' motion to vacate the docketed judgment for the $27,000 in civil administrative penalties.
Defendants filed a notice of appeal and moved for a stay pending the outcome of the appeal. We denied this motion but accelerated the appeal.
On appeal, defendants argue that the trial court erred in concluding that it did not have jurisdiction to review the April 27, 2006 AONOCAPA in the DEP's enforcement action and that they substantially complied with the requirement that a request for a hearing challenging this order must be filed within twenty days. We reject these arguments. However, we conclude that Dominick Mazza's certification in opposition to the order to show cause raised contested issues of fact concerning the need for judicial enforcement of the remedial provisions of the April 27, 2006 AONOCAPA. Accordingly, we reverse the part of the final judgment enforcing those provisions and remand the case to the trial court. We affirm the part of the judgment that denied defendants' motion to vacate the docketed judgment for the $27,000 in civil administrative penalties.

II.
This action by the DEP for enforcement of the remedial provisions of the April 27, 2006 AONOCAPA was brought in accordance with Rule 4:67-6, which governs "all actions by a state administrative agency... brought to enforce a written order or determination," regardless of whether an administrative order "requires the payment of money or imposes a non-monetary requirement or includes a combination of monetary and non-monetary remedies." R. 4:67-6(a)(1). If an agency order only imposes a civil administrative penalty, the agency may, as an alternative to an enforcement action under Rule 4:67-6, simply docket the order in accordance with N.J.S.A. 2A:58-10, which provides:
a. If an administrative agency of the State has assessed a fixed amount of money as a civil penalty or award after the person against whom the penalty or award was ordered was afforded an opportunity for a hearing pursuant to the "Administrative Procedure Act," [N.J.S.A. 52:14B-1 to -25] at the request of the agency the Clerk of the Superior Court ... shall record the final order assessing the penalty or award on the judgment docket of the court.

*88 b. The final order of the agency recorded on the judgment docket of the court thereafter shall have the same effect as a judgment of the court.
In this case, the DEP first docketed the part of the April 27, 2006 AONOCAPA that imposed civil administrative penalties under N.J.S.A. 2A:58-10 and Rule 4:70-1(b), which mirrors N.J.S.A. 2A:58-10, on August 31, 2007, and then brought an enforcement action under Rule 4:67-6 on September 25, 2007.
To prevent an enforcement action under Rule 4:67-6 from being used by a defendant to collaterally attack an administrative order the defendant has not appealed to this court in accordance with Rule 2:2-3(a)(2), Rule 4:67-6(c)(3) provides that "the validity of an agency order shall not be justiciable in an enforcement proceeding."[1] The withholding of such authority from the trial courts "preserve[s] fully the exclusive jurisdiction of the Appellate Division to review the merits of state agency determinations pursuant to R. 2:2-3(a)(2)." Pressler, Current N.J. Court Rules, comment 1 to R. 4:67-6 (2009); see In re Valley Rd. Sewerage Co., 295 N.J.Super. 278, 290, 685 A.2d 11 (App. Div.1996), aff'd, 154 N.J. 224, 712 A.2d 653 (1998).[2] Thus, to challenge final administrative agency action, an adversely affected party must file a notice of appeal to this court within forty-five days of service of the agency action, as provided by Rule 2:4-1(b). The party cannot simply disregard the final agency action, wait for the agency to bring an enforcement action under Rule 4:67-6 in a trial court, and then challenge the agency action in defense of the enforcement action.
Defendants have attempted in this enforcement action to do precisely what Rule 4:67-6(c)(3) prohibits them from doing. Defendants failed to file a timely notice of appeal from the DEP's denial of their request for a hearing with respect to the April 27, 2006 AONOCAPA on the ground of untimeliness, but then, after the DEP brought this enforcement action in the Chancery Division, attempted to defend the action on the ground that the DEP had improperly denied their request for a hearing.
In arguing that they may challenge the April 27, 2006 AONOCAPA and the denial of their request for a hearing in this enforcement action, defendants rely upon State Farm Mutual Automobile Insurance Company v. State of New Jersey, Department of Public Advocate, 118 N.J. 336, 571 A.2d 957 (1990). That case involved a statute governing the award of fees to Rate Counsel in proceedings before the Department of Insurance that did not include any provision for an administrative hearing to resolve a factual dispute. Id. at 339-40, 571 A.2d 957. In the absence of statutory authorization for a hearing, the Court itself established an ad hoc procedure for a hearing before the Office of Administrative Law with respect to an insurance company's petition challenging the reasonableness of Rate Counsel's fees, with the final determination to be made by the Department subject to review by an appellate court. Id. at 358, 571 A.2d 957. However, the Court also noted that "[i]n *89 the absence of timely filing of such a petition the Public Advocate shall be entitled summarily to a judgment in its favor in the Law Division for the full amount billed." Ibid.
In contrast to the situation involved in State Farm, the SWMA specifically authorizes an administrative hearing in which a party may contest an administrative order of the DEP. N.J.S.A. 13:1E-9(c),(e). Consequently, there is no need for the judiciary to establish an ad hoc procedure for resolution of factual disputes regarding such an order. In any event, defendants' failure to file a timely request for an administrative hearing or to appeal the DEP's denial of its untimely request, is precisely the kind of conduct that the Court indicated would entitle an agency "summarily to [obtain] a judgment in its favor," State Farm, supra, 118 N.J. at 358, 571 A.2d 957, which is the remedy authorized by Rule 4:67-6.
Defendants also argue that they were not required to file a notice of appeal because they "never received a valid `notice of final agency action' denying [their] July 17, 2006 request for an administrative hearing." However, even though the DEP did not directly respond to defendants' July 17, 2006 request for hearing until the February 6, 2007 letter denying the request, the DEP's August 17, 2006 penalty demand letter stated:
[DEP] records show that MAZZA & SONS INC. received [the April 27, 2006] AONOCAPA on May 11, 2006. This AONOCAPA notified MAZZA & SONS INC of its opportunity to request an administrative hearing within twenty (20) days of receipt. Since MAZZA & SONS INC did not request an administrative hearing, the AONOCAPA became a final order upon the twenty-first (21st) calendar day following receipt and the penalty was due and payable.
We conclude that this letter provided reasonable notice to defendants that their hearing request had been denied.
Defendants also argue that they were not required to file a notice of appeal from the February 6, 2007 letter denying their request for a hearing because they sent a letter to the DEP on March 16, 2007 requesting reconsideration of that denial. Although the DEP failed to respond to this request, defendants had to have been aware after a reasonable period of time elapsed that the DEP would not reconsider its denial of a hearing, and if defendants had any doubt about this, they could have inquired.
Moreover, the DEP's Chancery Division complaint specifically stated that "the [DEP] had denied [defendants'] hearing request because it had not been timely filed." Therefore, even if it were possible to conclude that neither the August 17, 2006 penalty demand letter nor the February 6, 2007 letter denying defendants' request for a hearing as untimely gave them "unmistakable written notice of the finality of the [DEP's] decision," DeNike v. Bd. of Trs. of Pub. Employees' Ret. Sys., 34 N.J. 430, 435, 170 A.2d 12 (1961), the Chancery Division complaint certainly gave them such notice. But even then defendants failed to file a notice of appeal challenging the denial of their request for a hearing.
For these reasons, we conclude that defendants failed to file a timely appeal from the DEP's final decision denying their request for a hearing with respect to the April 27, 2006 AONOCAPA and that the trial court correctly concluded that Rule 4:67-6(c)(3) barred defendants from challenging the validity of that final agency action in this judicial enforcement action. For the same reasons, the court correctly concluded that there was no basis for granting defendants' motion under Rule 4:50 to vacate the judgment imposing the *90 $27,000 in civil administrative penalties docketed in accordance with N.J.S.A. 2A:58-10 and Rule 4:70-1(b).

III.
Moreover, even if we were to disregard defendants' failure to file a timely appeal from the denial of their request for a hearing, defendants could not have successfully challenged that final agency action. A statutory time limit for requesting an administrative hearing such as the twenty-day limit provided by N.J.S.A. 13:1E-9(c) and (e) is "mandatory and jurisdictional." Schaible Oil Co., Inc. v. N.J. Dep't of Envtl. Prot., 246 N.J.Super. 29, 31, 586 A.2d 853 (App.Div.), certif. denied, 126 N.J. 387, 599 A.2d 163 (1991). "The purposes of such a requirement, which is comparable to a statute of limitations, are to compel a party aggrieved by agency action to challenge that action promptly and to give finality to agency action that is not challenged in a timely manner." D.R. Horton, Inc. v. N.J. Dep't of Envtl. Prot., 383 N.J.Super. 405, 408, 891 A.2d 1253 (App.Div.2006).
Mazza argues that its failure to request a hearing within twenty days of receipt of the April 27, 2006 AONOCAPA should be excused because it substantially complied with N.J.S.A. 13:1E-9(c) and (e). See D.R. Horton, supra, 383 N.J.Super. at 408-09, 891 A.2d 1253 (holding that the substantial compliance doctrine applies to compliance with a statutory deadline for filing a request for an administrative hearing). To establish substantial compliance, a party must show: "(1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim[;] and (5) a reasonable explanation why there was not a strict compliance with the statute." Negron v. Llarena, 156 N.J. 296, 305, 716 A.2d 1158 (1998) (quoting Bernstein v. Bd. of Trs. of Teachers' Pension & Annuity Fund, 151 N.J.Super. 71, 76-77, 376 A.2d 563 (App.Div.1977)). Defendants failed to establish any of these requirements for application of the substantial compliance doctrine.
The April 27, 2006 AONOCAPA imposed remedial obligations defendants were required to comply with "immediately." However, insofar as the record before us indicates, defendants failed to comply with any of these obligations within a reasonable period of time. Therefore, even though the DEP may not have been "prejudiced" by defendants' failure to request a hearing in a timely manner, the DEP, and the public served by its enforcement of environmental laws, was "prejudiced" by Mazza's failure to comply with the April 27, 2006 AONOCAPA.
Moreover, defendants received the April 27, 2006 AONOCAPA on May 11, 2006. Consequently, they were required to request an administrative hearing no later than June 1, 2006. However, defendants did not request a hearing until forty-six days later, on July 17, 2006. This prolonged delay in requesting an administrative hearing did not constitute "a series of steps to comply with" N.J.S.A. 13:1E-9(c) and (e), "general compliance with the purpose of" this statute, which requires a request for an administrative hearing to be made within twenty days, or "reasonable notice" of its request. Negron, supra, 156 N.J. at 305, 716 A.2d 1158.
Most significantly, defendants failed to provide a "reasonable explanation" for their failure to strictly comply within the twenty-day time limit. Ibid. Mazza alleges that it "honestly believed" it had forwarded the AONOCAPA to one of its attorneys for handling. However, a *91 good faith mistake does not satisfy the "reasonable explanation" requirement of the substantial compliance doctrine. See Sroczynski v. Milek, 197 N.J. 36, 44, 961 A.2d 704 (2008).
Mazza also alleges that it was confused by what it characterizes as "multiple overlapping AONOCAPAs" served by the DEP. However, Mazza received only two AONOCAPAs before its receipt of the April 27, 2006 AONOCAPA, both of which alleged different violations and directed defendants to undertake remedial measures that did not substantially overlap with the provisions of the April 27, 2006 AONOCAPA. The September 8, 2005 AONOCAPA only charged Mazza & Sons with refusing to permit DEP inspectors to enter the recycling center and transfer station site and imposed an administrative penalty of $25,000. This AONOCAPA did not charge Mazza & Sons with any substantive violations of DEP regulations. The April 7, 2006 AONOCAPA, which was directed to Mazza & Sons and Dominick Mazza, individually, charged them with violating the terms of a permit issued under the Freshwater Wetlands Protection Act, N.J.S.A. 13:9B-1 to -30, for a road Mazza & Sons was constructing on the recycling center and transfer station site and ordered them to submit a restoration plan to remediate the disturbed wetlands area. This AONOCAPA did not charge any violations of regulations adopted under the SWMA and SWUCA or of the permits issued thereunder. Consequently, defendants could not reasonably have believed that the April 27, 2006 AONOCAPA simply duplicated these two prior AONOCAPAs and that their requests for hearings with respect to those AONOCAPAs would apply to the April 27, 2006 AONOCAPA.
For these reasons, even if the issue were properly before us, we would conclude that defendants had failed to make any of the showings required to excuse their failure to submit a timely request for a hearing by application of the substantial compliance doctrine.

IV.
Although Rule 4:67-6(c)(3) prohibits a trial court from considering the validity of an agency order in an enforcement action, this does not mean that an agency is entitled to automatic enforcement of one of its order simply by filing a complaint under Rule 4:67-6. The purpose of Rule 4:67-6 is "to provide judicial remedies in aid of agency orders where necessary." In re A-1 Jersey Moving & Storage, Inc., 309 N.J.Super. 33, 40, 706 A.2d 752 (App.Div.1998) (emphasis added). Thus, an enforcement action under Rule 4:67-6 is the analogue in an administrative proceeding of a motion for enforcement of litigant's rights under Rule 1:10-3 in a judicial proceeding. See State Farm, supra, 118 N.J. at 344, 571 A.2d 957. Consequently, as in the case of a motion under Rule 1:10-3, an agency seeking enforcement of one of its orders must show that the defendant has failed to comply with the order and that the court's assistance is necessary to secure compliance. See Marshall v. Matthei, 327 N.J.Super. 512, 527-28, 744 A.2d 209 (App.Div.2000). Moreover, if there is a contested issue of fact regarding the defendant's compliance with the order or ability to comply, the trial court must conduct an evidentiary hearing to resolve the factual dispute. See Anyanwu v. Anyanwu, 333 N.J.Super. 231, 232, 755 A.2d 593 (App.Div.2000); Saltzman v. Saltzman, 290 N.J.Super. 117, 123, 675 A.2d 231 (App.Div.1996).
The April 27, 2006 AONOCAPA ordered defendants to undertake six discrete remedial actions to comply with the applicable administrative regulations:

*92 a. Immediately, comply with all conditions of the approved site plan. [N.J.A.C. 7:26A-3.1(a)];
b. Immediately, set up and maintain all horizontal and vertical control markers for all unprocessed and processed stockpiles on site. [N.J.A.C. 7:26A-3.5(e)];
c. Immediately, comply with all conditions of the General Class B approval. [N.J.A.C. 7:26A-3.15(a)];
d. Immediately, seek approval for unauthorized modification to the Class B facility. Specifically, Class B wood recycling area has been fenced in without approval from the Department. [N.J.A.C. 7:26A-3.10(a)];
e. Immediately, cease disposal of unauthorized waste products in area behind approved Class B Facility. Specifically, crushed construction and demolition on property behind Class B facility and also located to the north/northeast of facility. [N.J.A.C. 7:26-2.8(f)];
f. The Respondents shall, within thirty (30) days, submit to the Department to the address listed in this document letterhead for review and approval a detailed "Site Investigation/Remediation Work Plan", which shall determine the depth, amount, waste characterization, and location of all buried and non-buried solid waste located on and off [Borough Property] the above-mentioned property.
The DEP's complaint and supporting certifications by Bureau Chief Belonzi did not include any allegation that defendants failed to comply with the first four remedial obligations imposed by the April 27, 2006 AONOCAPA. In fact, paragraph sixteen of Belonzi's September 19, 2007 certification states that "[n]one of the provisions of Paragraph 5(e)-(i) of the [April 27, 2006] AONOCAPA have been complied with,"[3] which would seem to indicate that the DEP was conceding defendants' compliance with subparagraphs (a) through (d), or at least not seeking judicial enforcement of those remedial obligations. Therefore, the trial court erred in ordering enforcement of the parts of the AONOCAPA with respect to which the DEP did not allege any failure to comply.
The DEP's complaint and supporting certifications included specific allegations regarding defendants' failure to comply with sections (e) and (f) of paragraph five, which require Mazza to "cease disposal of unauthorized waste products,... [s]pecifically, crushed construction and demolition [materials] on property behind Class B facility and also located to the north/northeast of [the] facility" and the remediation of the unauthorized waste products previously disposed in that area.[4] However, Dominick Mazza submitted a certification which disputed the DEP's allegations regarding defendants' failure to comply with those parts of the April 27, 2006 AONOCAPA:
13. The order sought by the DEP from this Court instructing Mazza to *93 remove what was actually a first ground recycled blend that the DEP improperly called "solid waste" ... has already been removed.
14. The DEP, including Mr. Belonzi, was informed by me of the removal of the material. Additionally, Mr. Belonzi, with other DEP officials, visited BP LLC's Property after the time the photos used as exhibits to his certification were taken and after the removal of the material in question....
....
16. Once the first ground recycled blend was removed from the area in question, it was returned to the recycling facility where it was further processed as set forth above.
17. The recycled blend that is currently being used as a base material for the industrial park on Borough Property is the more finely graded product as described above, that has been tested and certified by engineers to be in conformity with the Mazza recycling permit and further certified as an excellent base material for the future construction of the industrial park....
18. The DEP was given notice and an opportunity to be present and/or participate in the testing referred to above, however, the DEP [chose] not to attend or participate.
....
23. In all events, all of the issues alleged in the April 27, 2006, AONOCAPA have been resolved, including the one issue sought to be enforced here by way of OSC.
Therefore, the trial court erred in summarily ordering enforcement of subsections (e) and (f) of the April 27, 2006 AONOCAPA without conducting an evidentiary hearing regarding Dominick Mazza's allegations that defendants had complied with those parts of the order.[5]
Accordingly, we reverse the part of the final judgment that enforced subparagraphs 5(a) through (d) of the April 27, 2006 AONOCAPA without prejudice to the DEP's right to move for amendment of its complaint to assert claims that defendants failed to comply with those provisions. We reverse the part of the judgment enforcing the other remedial provisions of the AONOCAPA and remand for further proceedings in conformity with this opinion. We affirm the part of the judgment that denied defendants' motion to vacate the docketed judgment for the $27,000 in civil administrative penalties.
NOTES
[1] Rule 4:67-6(c)(2) provides a limited exception to this prohibition with respect to actions brought under Rule 1:9-6 for enforcement of an administrative agency subpoena. This exception obviously does not apply to the present action for enforcement of a final agency order.
[2] We note that Rule 4:70-1(b) similarly provides that the Appellate Division has exclusive jurisdiction to review an administrative order imposing a civil administrative penalty.
[3] Subparagraph 5(g) through (i) of the April 27 AONOCAPA only prescribed the procedures defendants were required to follow in complying with the remedial obligations imposed upon them under subparagraphs 5(a) through (f) including obtaining the required DEP permits and approvals for this remedial work. Therefore, there is no need to discuss the specific provisions of those subparagraphs in this opinion.
[4] Although it is not clear on the face of the April 27, 2006 AONOCAPA, the "property ... located to the north/northeast of [the] facility" mentioned in subparagraph (e) was apparently a reference to the development site owned by defendant Borough Property, L.L.C. This reading of the subparagraph (e) is supported by the reference in subparagraph (f) to solid waste "buried and non-buried on and off" site.
[5] We note that if defendants complied with the April 27, 2006 AONOCAPA but subsequently committed new violations of regulations adopted under the SWMA and SWUCA, as reflected by later notices of violation and AONOCAPAs, the remediation of those new violations could not be pursued through this action for enforcement of the April 27, 2006 AONOCAPA.