**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1238-24

FRUMY ROSENBERG
as Designated Authorized
Representative of BARBARA
OLENIACZ,

      Plaintiff-Appellant,

v.

MONMOUTH COUNTY
DIVISION OF SOCIAL
SERVICES,

      Defendant-Respondent.

_____

Submitted October 16, 2025 – Decided December 2, 2025

Before Judges Marczyk and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2682-24.

Law Office of Simon P. Wercberger, LLC, attorneys for appellant (Simon P. Wercberger, on the briefs).

Monmouth County Administrator's Office, attorneys for respondent (Patrick J. Boyle, on the brief).

PER CURIAM

Plaintiff Frumy Rosenberg appeals from the December 20, 2024 Law Division order denying her order to show cause and dismissing her complaint against defendant Monmouth County Division of Social Services (the Division). We affirm.

I.

Rosenberg was the designated authorized representative of Barbara Oleniacz, a resident of a long-term care facility in Monmouth County. On September 29, 2022, Rosenberg submitted Oleniacz's application for Medicaid benefits to the Division.[1] On November 14, 2022, the Division denied the application "for failure to provide corroborating evidence . . . requested at the time of [the] initial application and in [a] letter dated [October 25, 2022]. . . . In addition, [Rosenberg] did not sign the liquidation agreement form which indicates [Oleniacz] is over the Medicaid resource limit of $2,000."

Rosenberg requested a fair hearing, contending she provided the documents requested by the Division. The Department of Health, Division of Medical Assistance and Health Services (the Department), granted her request

---

[1] This appeal concerns plaintiff's third application on behalf of Oleniacz. The Division's denials of the prior and subsequent applications are not at issue here.

A-1238-24

and transmitted the matter to the Office of Administrative Law (OAL) for a hearing before an administrative law judge (ALJ).

The ALJ's February 10, 2023 initial decision found Rosenberg submitted a signed liquidation agreement with Oleniacz's application, but the agreement did not list the property address or case number. The Division sent an eight-page request for information seeking, among other documents, a "signed liquidation agreement." The request attached a liquidation agreement that listed the address and case number, but Rosenberg returned the agreement to the Division without signing or dating the document. Rosenberg testified she was confused by the Division's request for additional information because she believed the application was complete.

The ALJ concluded Rosenberg "demonstrated that she responded to the [Division]'s request for information and provided requested documentation required to establish verification and make a determination to grant Medicaid eligibility." She further concluded the Division's "denial of [Oleniacz]'s application for Medicaid should be reversed, and the application should be processed for a determination for eligibility." On April 11, 2023, the Department adopted the ALJ's decision as a final agency decision and returned the matter to the Division.

3

On October 27, 2023, the Division issued a revised eligibility notice, again denying Oleniacz's application. The notice advised:

> On [April 11, 2023,] the final decision on [the application] came out to [the Division]. It stated: "that the matter should be returned to the [Division] to process [Oleniacz]'s application and determine if eligibility can be established." At this point the [Division] had received subsequent applications dated [November 28, 2022] and [February 28, 2023]. The [Division] continued its efforts to determine eligibility with the [request for information] sent on [January 4, 2023] with the due date of [January 18, 2023]. While this was technically the first letter for the application dated [November 28, 2022], the [Division] was treating this as [the] second [request for information] for the [September 29, 2022] application (in line with the final decision on [the application]). Had the agency received all the requested verifications to grant the case, we would have honored the [September 29, 2022] application date (with possible [three] months retro[active benefits]). The application dated [September 29, 2022] remains denied for the failure to provide.

On August 22, 2024, Rosenberg filed an order to show cause pursuant to Rule 4:67-6, seeking to enforce the Department's April 11, 2023 final agency decision. In considering the summary action, the judge noted the rule is a mechanism through which a plaintiff can enforce an agency decision that has been ignored or violated by the defendant. Here, Rosenberg asked the court to order the Division to deem Oleniacz eligible for Medicaid benefits.

4

The judge explained why he denied the order to show cause:

> The . . . argument forwarded by [Rosenberg] is that [the final agency decision] means [the application] should have been approved. That [the final agency decision] means approve it. I disagree. It clearly does not say approve it. It clearly says, ". . . the application should be processed for a determination for eligibility." It doesn't say to be approved.

As a result, he declined to interpret the final agency decision as having "determined eligibility as a matter of law." Noting Rosenberg had the right to appeal the amended determination to the Department and then to this court, the judge found the relief Rosenberg sought was "not appropriately subject to an order to show cause seeking enforcement." Thus, the December 20, 2024 order denied the order to show cause and dismissed the complaint.

II.

For the first time on appeal, the Division contends this matter is moot. Ordinarily we decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). However, we consider this argument because "[m]ootness is a threshold justiciability determination," which directly implicates jurisdictional issues. Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010).

5

"A case is technically moot when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." Ibid. (quoting DeVesa v. Dorsey, 134 N.J. 420, 428 (1993) (Pollock, J., concurring)).

The Division argues the issues on appeal are moot because Oleniacz's subsequent application for Medicaid benefits was denied, the Department affirmed the denial, and Rosenberg did not appeal from that final agency decision. We are unpersuaded this appeal is moot because, if Rosenberg were successful in her appeal, the retroactivity of benefits would be impacted.

We therefore turn to Rosenberg's argument the Law Division judge erred in holding he did not have jurisdiction to grant the order to show cause. She contends the final agency decision found the Division had all the information necessary to make a determination on the merits and, in defiance of that decision, the Division denied the application based on the same alleged failure to provide documentation.

"Rule 4:67-6 enforcement actions are analogous to 'a motion for enforcement of litigant's rights under Rule 1:10-3 in a judicial proceeding.'" Bacon v. N.J. State Dep't of Educ., 443 N.J. Super. 24, 34 (App. Div. 2015) (quoting State Dept. of Env't Prot. v. Mazza & Sons, Inc., 406 N.J. Super. 13, 29 (App. Div. 2009)).

Thus, we review the order for an abuse of discretion. See Lipsky v. N.J. Ass'n of Health Plans, Inc., 474 N.J. Super. 447, 463 (App. Div. 2023). We will only reverse an order if the decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

"Under Rule 4:67-6, a[ plaintiff] can institute a summary proceeding in Superior Court to enforce an agency order." Bacon, 443 N.J. Super. at 34. "Rule 4:67-6 exists 'to provide judicial remedies in aid of agency orders where necessary.'" Ibid. (quoting In re A-1 Jersey Moving & Storage, Inc., 309 N.J. Super. 33, 40 (App. Div. 1998)). "The scope of relief in a motion in aid of litigants' rights is limited to remediation of the violation of a court order." Ibid. (quoting Abbott v. Burke, 206 N.J. 332, 371 (2011)). As such, "parties cannot challenge the validity of an administrative order collaterally" under Rule 4:67-6. Ibid. (citing Mazza & Sons, 406 N.J. Super. at 23).

"To be successful in pursuing a summary action under Rule 4:67-6, a [plaintiff] must show that there is a 'specific and unequivocal' order in place." Ibid. (quoting Abbott v. Burke, 170 N.J. 537, 565 (2002) (LaVecchia, J.,

concurring in part and dissenting in part)).  A plaintiff must also prove the order mandates "specific relief," Rule 4:67-6(a)(2), the defendant "has failed to comply with the order[,] and . . . the court's assistance is necessary to secure compliance," Bacon, 443 N.J. Super. at 35 (quoting Mazza & Sons, 406 N.J. Super. at 29).

The final agency decision was not a "specific and unequivocal" order requiring the Division to approve the application.  Rather, it reversed the Division's procedural rejection and directed it to process the application for a determination of eligibility on the merits.  As the judge found, the Division's denial, which was based on a lack of corroborating evidence, did not constitute failure to comply with the Department's final agency decision.  Having reviewed the record in light of the standard of review, we discern no basis to disturb the judge's determination.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

8

A-1238-24