706 A.2d 262

LARRY S. LOIGMAN, PLAINTIFF–APPELLANT, v. THE TOWN-SHIP COMMITTEE OF THE TOWNSHIP OF MIDDLETOWN IN THE COUNTY OF MONMOUTH, NEW JERSEY AND MELVIN GREENBERG, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 18, 1998—Decided February 27, 1998.

Before Judges KEEFE, PAUL G. LEVY and WECKER.

*Larry S. Loigman,* appellant, argued the cause pro se.

*William F. Dowd* argued the cause for respondent (*Dowd & Reilly,* attorneys; *Mr. Dowd* on the brief).

The opinion of the court was delivered by

PAUL G. LEVY, J.A.D.

Plaintiff pursued an action in lieu of prerogative writs against a municipality for violations of the Open Public Meetings Act (OPMA), *N.J.S.A.* 10:4-6, with limited success. Judge Hayser found that the municipality had not strictly complied with the OPMA, and had violated it in two respects. However, the judge did not invalidate any governmental action and rejected plaintiff's proposed remedies of barring all executive sessions, appointing a special master or making a verbatim record of all executive sessions. Instead he granted a judgment on August 30, 1996, ordering defendant to comply with the OPMA, as follows:

> The Township has demonstrated good faith efforts at compliance [with the OPMA], but two defects are noted:

a.  Use of the general term "personnel, litigation and negotiation" does not conform to the requirements of the Open Public Meetings Act.

b.  Some inappropriate items have been discussed in "executive" or closed session.

The Township must comply with the guidelines set forth in *Council of New Jersey State College Locals v. Trenton State College*, 284 *N.J.Super.* 108 [663 *A.2d* 664] (Law Div.1995) as to notice, resolution to enter closed session, and matters that may be discussed in closed session, *N.J.S.A.* 10:4–12(b). No other remedies are required at this time.

This order was made pursuant to *N.J.S.A.* 10:4–16, a statute encompassing violations of the OPMA that occur before, during and after meetings. It provides:

Any person, including a member of the public, may apply to the Superior Court for injunctive orders or other remedies to insure compliance with the provisions of this act, and the court shall issue such orders and provide such remedies as shall be necessary to insure compliance with the provisions of this act.

Judge Hayser's order is a final court order enjoining the Township of Middletown to comply with the *Trenton State College* case in three respects.

On January 30, 1997, plaintiff moved for enforcement of litigants rights, under the caption of the matter in which the above quoted judgment issued, alleging that on January 21, 1997, defendant went into a closed session to discuss "13 personnel items" without identifying which personnel were involved; to discuss "contract negotiations" with 3 collective bargaining units without identifying which units were involved; and to discuss "6 items of litigation" without identifying which litigation was involved. Plaintiff also alleged the invalidity of a notice of a special meeting for January 15, 1997 to hold an executive session with the Acting Chief of Police to discuss a police study done by Deloitte & Touche, for failing to refer to any of the exceptions of *N.J.S.A.* 10:4–12(b) and that discussion of a "police study" was not proper for a closed session.

The motion judge, not Judge Hayser, agreed that plaintiff had alleged violations of the OPMA and the *Trenton State College* case, but held that plaintiff could not proceed by way of a motion to enforce litigant's rights. He directed plaintiff to file a new complaint for such perceived violations of the OPMA.

Courts may issue orders requiring a public entity to comply with the OPMA and such orders can be prospective in operation. Here, plaintiff was a member of the public vested with statutory rights to notice of a public body's meetings and the right to be present at these meetings. Plaintiff, in his complaint, suggested certain specific forms of equitable relief but also demanded "such other and further relief as may be just and equitable." Judge Hayser granted this type of relief, and under *N.J.S.A.* 10:4–16, this was proper. When defendant failed to comply with Judge Hayser's directions, the motion to enforce litigant's rights was an appropriate vehicle to enforce the order. *Hynes v. Clarke,* 297 *N.J.Super.* 44, 57, 687 *A.*2d 771 (App.Div. 1997) (*R.* 1:10–3 applies to "parties who willfully fail to comply with an order or judgment"). We need not decide whether a new complaint in lieu of prerogative writs (as opposed to a motion enforcing litigant's rights) would have been required if Loigman sought invalidation of any official actions that may have taken place at the challenged January, 1997 meetings. However, the remedies under the OPMA are not limited to invalidating official action, but can include equitable, declaratory, or other kinds of relief under *N.J.S.A.* 10:4–16. Nor are they limited to meetings where official action is taken. That section can be invoked to question meetings even when no action is taken, but where some violation of OPMA has occurred, such as inadequate notice, or exclusion of all or some part of the public; or not keeping minutes or making them promptly available. A court order directing prospective compliance with a part of OPMA is fully enforceable under *R.* 1:10–3 and need not await the filing of a new complaint. To hold otherwise would make illusory the prospective injunctive remedies under the OPMA.

Plaintiff's motion was to enforce the judgment of August 30, 1996. The supporting certification alleged two violations of the judgment. The motion judge should have scheduled a hearing to consider these claims and any response by defendant. Plaintiff utilized proper procedure, and he cannot be required to file separate complaints for each violation of the judgment. *R.* 1:10–3

is still an appropriate vehicle for a party who, armed with a judgment directing that a defendant comply with a statute, alleges a violation of that judgment.

Reversed and remanded for reconsideration in accordance with this opinion.