**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4502-16T3

GALLOWAY TOWNSHIP,

    Plaintiff-Appellant/
    Cross-Respondent,

v.

LUCIENNE DUNCAN,

    Defendant-Respondent/
    Cross-Appellant.

_____

Argued June 5, 2018 — Decided August 15, 2018

Before Judges Fisher and Sumners.

On appeal from the Tax Court of New Jersey,
Docket No. 014479-2015.

Thomas G. Smith argued the cause for
appellant/cross-respondent (The Law Offices
of Thomas G. Smith, PC; Thomas G. Smith, on
the briefs).

Todd W. Heck argued the cause for
respondent/cross-appellant (Testa, Heck,
Testa & White, PA, attorneys; Todd W. Heck,
on the brief).

PER CURIAM

    Galloway Township (the Township) appeals the May 9, 2017 Tax

Court order, which held that Lucienne Duncan was entitled to a

full disabled veteran's personal residence tax exemption (disabled veteran's tax exemption or exemption) under N.J.S.A. 54:4-3.30(a) for 2016 and, thus, a refund for the 2016 taxes she paid, based upon the court's prior decision granting her the same exemption for the 2015 tax year. Duncan cross-appeals the Tax Court's decision[1] of the same date, which denied her request for attorneys' fees due to the Township's refusal to recognize her exemption for 2016. For the reasons that follow, we affirm.

This dispute emanates from the Township's unsuccessful effort to overturn the Atlantic County Tax Board's October 2015 decision that granted Duncan a full disabled veteran's tax exemption for the 2015 tax year. In a November 14, 2016 published decision, the Tax Court entered a judgment denying the Township's appeal; holding that Duncan — a former Air Force Major neurologist — qualified for the exemption due to a military service-connected 100 percent permanent disability and that the Township must refund her 2015 property tax payment. Galloway Tp. v. Duncan, 29 N.J. Tax 520 (2016).

On March 29, 2017, after the Township did not appeal the judgment, Duncan filed a Rule 1:10-3 and Rule 8:7(d) motion to enforce the judgment with the same Tax Court that rendered the

---

[1] The record does not include an order memorializing the Tax Court's decision.

decision. Based upon her disabled veteran's exemption status, she requested an order requiring the Township to refund the property taxes she paid for 2015, 2016, and 2017.[2] Prior to argument, Duncan's claims for 2015 and 2016 became moot when the Township refunded her 2015 property taxes and removed her from the property tax rolls effective January 1, 2017. In opposing Duncan's claim for property tax exempt status for 2016, the Township argued the Tax Court lacked jurisdiction to grant her a disabled veteran's tax exemption because she did not appeal her 2016 property taxes assessment and, thus, it was unaware that she sought an exemption for 2016. The Township further argued it was not in a position to refund her 2016 tax payment because it had already closed its books for that tax year.

On May 9, 2017, after argument, the Tax Court ordered that Duncan was entitled to have a full disabled veteran's tax exemption for 2016, and that the Township must refund her the 2016 property taxes she paid. In its oral decision, the court rejected the Township's claims. The court found the Township was fully aware of her disabled veteran's tax exemption request when it issued her 2016 tax bill. The court also pointed out the disingenuousness of the "book closing" argument given the Township's ordinance that

---

[2] Duncan paid her taxes with her monthly mortgage payments to her mortgage company, which sent the payments to the Township.

allowed refunds for disabled veteran's tax exemption for up to two years prior to the date the taxpayer qualified for the exemption.

The Tax Court also rejected Duncan's submission under <u>Rule</u> 8:7(d)[3] that the Freeze Act, N.J.S.A. 54:51A-8, which protects a taxpayer by "freezing" a property tax assessment for the two years following a tax year for which there is a final judgment of the Tax Court, applies to her situation. The court explained that the November 14, 2016 final judgment granted Duncan a property tax exemption as a disabled veteran, which was not a suspension of the property's assessment due to the property's use — the two-year protection specifically afforded by the Freeze Act.

The court, however, concluded that once it ruled Duncan was entitled to the disabled veteran's tax exemption for the 2015 tax year, she was also exempt for 2016. The court reasoned that once it was granted, the exemption was continuous; unlike a tax assessment due to a property's use that may change from year to year, and there was no evidence that her military-connected disability would change. The court granted Duncan's request for interest on the 2016 tax refund payment, but denied her request

---

[3] To invoke the Freeze Act after entry of a final judgment, "a taxpayer must file a supplementary motion to the Tax Court in the first instance, pursuant to <u>Rule</u> 8:7(d)." <u>Hackensack City v. Bergen Cty.</u>, 405 N.J. Super. 235, 251 (App. Div. 2009).

for attorney's fees because it did not view the Township's action denying her exemption for 2106 as a deliberate, egregious act.

In this appeal, the Township reiterates the arguments rejected by the Tax Court concerning Duncan's right to a disabled veteran's tax exemption for 2016. We also find them unpersuasive.

In our review of a Tax Court's judgment, we "recognize the expertise of the [court] in this 'specialized and complex area.'" Advance Hous., Inc. v. Twp. of Teaneck, 215 N.J. 549, 566 (2013) (citation omitted). The Tax Court's factual findings "will not be disturbed unless they are plainly arbitrary or there is a lack of substantial evidence to support them." Yilmaz, Inc. v. Dir., Div. of Taxation, 390 N.J. Super. 435, 443 (App. Div. 2007) (citation omitted). Thus, we examine "whether the findings of fact are supported by substantial credible evidence with due regard to the Tax Court's expertise and ability to judge credibility." Ibid. (citation omitted). However, our review of the Tax Court's legal conclusions is de novo. UPSCO v. Dir., Div. of Taxation, 430 N.J. Super. 1, 8 (App. Div. 2013).

We first address the Township's argument that the Tax Court did not have jurisdiction to determine if Duncan was entitled to the disabled veteran's tax exemption after 2015. Duncan's application to have the Township recognize that her exemption extended beyond 2015 was made under Rule 1:10-3 to enforce

litigant's rights under the November 14, 2016 judgment. The rule authorizes such a motion, when parties "willfully fail to comply with an order or judgment." Loigman v. Twp. Comm. of Twp. of Middletown in Cty. of Monmouth, 308 N.J. Super. 500, 503 (App. Div. 1998) (citation omitted). Prior to granting the motion, the court must find that the defendant has willfully "failed to comply with [an] order and that the court's assistance is necessary to secure compliance." State Dep't of Envtl. Prot. Bureau of Cty. Envtl. & Waste Compliance Enf't v. Mazza and Sons, Inc., 406 N.J. Super. 13, 29 (App. Div. 2009); Hynes v. Clarke, 297 N.J. Super. 44, 57 (App. Div. 1997). "The scope of relief in a motion in aid of litigants' rights is limited to remediation of the violation of a court order." Abbott v. Burke, 206 N.J. 332, 371 (2011). Accordingly, the court acted within its authority to determine if Duncan's right to the disabled veteran's tax exemption after 2015 was afforded by the November 14, 2016 judgment.

As for the Tax Court's enforcement of the judgment, we are satisfied with its reasoning that Duncan's disabled veteran's tax exemption for 2015 continued into 2016 and thereafter was derived from the judgment. We agree with the court that the Township was fully aware of Duncan's interest in continuing the exemption, and that there was no evidence that she was no longer fully disabled and entitled to the exemption. We agree with Duncan that the

6

Township misplaces its reliance on Cty. of Essex v. City of E. Orange, 214 N.J. Super. 568, 576 (App. Div. 1987) and Blair Acad. v. Blairstown, 95 N.J. Super. 583, 593 (App. Div. 1967); unlike the present situation, those disputes concerned property tax assessment exemptions — for using a property for non-profit activities — based on statutes that required taxpayer action from year-to-year to continue the exemption. There is no such legislative directive requiring an annual application for the disabled veteran's tax exemption. The exemption is granted not due to the property's use but because of the taxpayer's disability attributed to military service. As the court sensibly pointed out, absent evidence to the contrary, its judgment granting Duncan the tax exemption for 2015 should continue to successive years of her ownership of the property. We therefore see no reason to disturb this decision.

Turning to Duncan's cross-appeal of the denial of her attorney's fees request, she contends a fee award was appropriate because the Township failed to comply with the sixty-day grace period prescribed by N.J.S.A. 54:3-27.2 to refund her any excess taxes paid. Duncan, however, fails to recognize that under a Rule 1:10-3 motion to enforce litigant's rights, the court has the discretion to award attorney's fees to the prevailing party. Wear v. Selective Ins. Co., ___ N.J. Super. ___, ___(App. Div. 2018)

(slip op. at 23) (citation omitted).  In our review of the Tax Court's oral decision, we glean no abuse of discretion because there is no indication that it was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  Id. at 23-24.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4502-16T3